BENJAMIN CHADSEY, administrator of Samuel H. Oliver, deceased, plaintiff in error, v. WILLIAM LEWIS, defendant in error.

*Error to Schuyler.*

In an action at law, it is necessary to ascertain who has the legal interest in the instrument upon which the suit is brought. Under the statute of Illinois, such interest can only be transferred by indorsement in writing; a mere delivery is insufficient to pass it, and an action can only be maintained in the name of the person who has that interest.

A Court of Law will not inquire whether a plaintiff sues for himself, or as trustee for some other person; it is sufficient, if he has the legal interest in the subject matter of the suit; neither will it try, in a collateral manner, questions which are peculiarly within the province of a Court of Equity to determine.

DEBT on bond, in the Schuyler Circuit Court, at the April term 1844, before the Hon. Jesse B. Thomas. The defendant pleaded *first*, payment, and *secondly*, that the deceased, in his life time, made a voluntary gift of the bond to Mary Lewis and Margaret Lewis, and delivered the same for their use and benefit, whereby the property became vested in them. The plaintiff replied to the first plea, and demurred generally to the second, in which the defendant joined. The Court overruled the demurrer, and rendered judgment in favor of the defendant for costs. The plaintiff, to reverse said judgment, prosecutes his writ of error in this Court.

*W. A. Minshall & R. S. Blackwell*, for the plaintiff in error, relied upon the following points and authorities.

I. The second plea is bad;

1. Because the bond sued on is not the subject matter of a gift, nor can any action or defence be predicated upon such a gift; it is a promise to pay money, which may be revoked at any time before it is consummated by the payment of money. *Pearson* v. *Pearson*, 7 Johns. 26, 28; *Noble* v. *Smith*, 2 do. 52; *Fink* v. *Cox*, 18 do. 145, 148, 149; *Tate* v. *Hilbert*, 2 Vesey Jr. 111; S. C. 4 Brown's Ch. R. 286; 2 Kent's Com. 439, 447.

2. Admitting the bond to be the subject of a gift, still the facts stated in the plea do not show the gift to be complete, because a delivery is essential to the validity of a gift. *Noble* v. *Smith*, 2 Johns. 52; *Pearson* v. *Pearson*, 7 do. 26; *Grangiac* v. *Arden*, 10 do. 293.

3. Where the subject of a gift is a chose in action, the pleadings must show a change of property by an assignment in writing, or some other equivalent instrument of transfer. R. L. 482, § 1; Gale's Stat. 525; 2 Kent's Com. 439. The transfer must be actually executed. 2 Kent's Com. 439.

4. The donor must part not only with the possession, but with the dominion over the property. 2 Kent's Com. 439; *Cook* v. *Hustead*, 12 Johns. 188, 189.

5. In *Collen* v. *Missing*, 1 Mad. Ch. R. 176, a letter to executors, expressing a consent that a specified sum of money be given to a donee, was not sufficient to constitute a gift of so much money in their hands, because the consent was not executed and carried into effect, and a further act was wanting in that case to pass the money. The Vice Chancellor held that money paid into the hands of B. for the benefit of a third person was countermandable so long as it remained in the hands of B. This case is cited in 2 Kent's Com. 439; see also, *Fink* v. *Cox*, 18 Johns. 148; *Tate* v. *Hilbert*, 2 Vesey Jr. 111; *Bunn* v. *Markham*, 7 Taun. 224, 230.

II. The plea is uncertain in not alleging the nature of the gift, whether it is a gift *inter vivos*, or a *donatio causa mortis*. There is a material distinction in law between these several kinds of gifts.

1. Gifts *inter vivos* take effect immediately, or not at all. They cannot take *in futuro*, and a delivery, if a chattel, or an assignment, if a chose in action, is necessary to make them valid.

2. A *donatio causa mortis* must be made by the donor while *in extremis;* if he recover, it is void; if he dies insolvent, the subject matter of the gift is assets in the hands of his personal representatives; and such donations revoke written wills *pro tanto;* not being subject to the forms prescribed for nuncupative wills, they are of a dangerous character, and

just apprehensions of fraud, and jealousy of the abuse of them, are entertained by the Courts. 2 Kent's Com. 444, 448; *Wells* v. *Tucker*, 3 Bin. 366.

3. There is no averment of the delivery of the bond to the children, and an acceptance on their part of the same; nor is there an averment of a delivery to a third person for their use. A gift *inter vivos* is a true contract, for the donor irrevocably divests himself of a right to a thing, or chose in action, and transfers it gratuitously to another, who accepts it, which acceptance is absolutely necessary to the validity of the transfer. 2 Kent's Com. 436. A gift, if not considered as a contract by the English law, yet every gift made perfect by delivery is an executed contract, for it is founded on the mutual assent of the parties. Ib. 438. If this gift is any thing in the nature of a contract, it is yet executory, and so *no gift*, but may be denominated an engagement to give so much money, and is without any consideration to support it in law, and is no more a ground of action or defence than a promise to deliver a chattel. *Noble* v. *Smith*, before cited. This promise has not even the consideration of blood and natural affection to support it; and if it had, that would not be sufficient. *Fink* v. *Cox*, before cited; *Schoonmaker* v. *Roosell*, 17 Johns. 301, 304, 305; see also, on consideration and *nudum pactum*; *Raun* v. *Hughes*, 7 Term R. 350, note A; *Cook* v. *Hustead*, before cited; *De Forest* v. *Frary*, 6 Cowen, 151; *Perkins* v. *Parker*, 1 Mass. 117. The consideration may be inquired into on the plea, if the gift be parol, as in this case.

4. It is stated in the plea that the bond was delivered, but to whom is not stated. If it is insisted, that by intendment it was delivered to the infant donees, we insist that the presumption, upon the predicament of facts stated in the pleadings, is against such a delivery. The bond is found among the donor's papers, suit is brought upon it by his administrator, and profert made of it. The inference is, that the bond never was delivered by Oliver to the infants, or if delivered to a third person for them, that he revoked the gift and repossessed himself of the bond, which he had a right to do, according

Chadsey, adm'r, *v.* Lewis.

to the authority of the case of *Collen* v. *Missing*, cited under the first point, and in *Tate* v. *Hilbert*. In the latter case it was held, that where a person in his last sickness gave the donee his check on his banker for a sum of money payable to bearer, and he died before the check was paid to donee, it was not a good *donatio causa mortis*, for it was to take effect *in presenti*, and the authority was revoked by his death. It was also held, that where the same person, at the same time, gave to another donee his promissory note for a sum of money, that was not good as such a gift, because it was not a transfer of property. So in *Bunn* v. *Markham*, before cited, where a person, supposing himself *in extremis*, caused India bonds, bank notes, &c., to be sealed up and marked with the name of the donee, with directions to another to deliver them to the donee after the donor's death, and the latter still retained possession of them, it was held no delivery, and therefore void as a *donatio causa mortis*, for there must be a *continuity* of possession in donee until donor's death, and donor may revoke the donation at any time before his death. Upon these authorities the plea is bad, because the money was not realized before the death of Oliver, and the authority was revoked by his death; or if there was a delivery of the bond to the infants, there is no *continuing* possession shown by the plea, and for aught that appears, the donor may have revoked the gift before his death.

5. Even admitting much more than the plea alleges, and more than can by intendment be allowed, that the bond is a gift to the infant children of the obligor, Lewis, and as such, fully and fairly delivered to them, and continued in their possession until Oliver's death, but without an assignment of the legal title to the bond, in writing, under the hand of the payee, or his legal representatives. If the plea contained all these allegations, and they were true, it would still be no bar to this action, because the interests of the infants in the debt of the defendant must still be re overed in the name of the present plaintiff, the legal representative of the person with whom the defendant personaly contracted. R. L. 482; Gale's Stat. 525; *Alsop* v. *Caines*, 10 Johns. 396; *Raymond*

*v. Johnson*, 11 do. 488, 490. It is a settled rule in England, that when an action is commenced in the name of the bankrupt, before his act of bankruptcy, it does not abate the suit, but the assignee may proceed in the name of the bankrupt. 1 Chitty's Pl. 14; *Waugh* v. *Austin*, 3 Term R. 438. The same reason exists for applying the rule to this case, and suit should be continued for the benefit of the persons really entitled to the proceeds. The death of an assignor, or the payee, in this case, would not defeat the assignment, and the assignee may use the name of the executor, or administrator, to recover the money by suit at law. *Dawes* v. *Boylston*, 9 Mass. 337; *Cutts* v. *Perkins*, 12 do. 206; *Ransom* v. *Jones*, 1 Scam. 295, in the notes.

6. Formerly, Courts of Law would not take notice of an equity or a trust. But recently they do. If it be necessary in a suit on an assigned chose in an action, that the interest, for whose benefit the suit is brought, should appear in the pleadings, it is sufficient if it appear in any part of the pleadings. *Conner* v. *Craig*, 1 Wash. C. C. R. 424, cited in notes to *Ransom* v. *Jones*, which is also again referred to. *Wincle* v. *Kelley*, 1 Term R. 622, 623. It being established, that this Court will take notice of a trust, it is immaterial whether the person who sues was originally a trustee, or became so by matter *ex post facto*. Nor is it material at what time h'e became so; for, whether he became such by the assignment, or was so originally, it is sufficient to say that he is a trustee, and now, and as such, has a right to maintain his action. Per Ashurst, Justice, in *Wincle* v. *Kelley*, before cited. And Buller, Justice, said, "this is a debt due in form to the plaintiff, but in substance, to a third person, and therefore, did not pass under the commission, is still in the plaintiff, and entitles him to maintain this action."

*O. H. Browning*, and *W. A. Richardson*, for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J. This was an action brought by Chadsey, as administrator of Oliver, against William Lewis. The decla-

ration was in *debt* on a bond, made by Lewis to Oliver, and conditioned for the payment of five hundred dollars. The defendant pleaded two pleas in bar. *First*, payment—*second*, that Oliver, in his life-time, made a voluntary gift of the bond to Mary Lewis and Margaret Lewis, and delivered the same for their use and benefit, whereby the property became vested in them. The Court overruled a demurrer to this plea, and rendered judgment for the defendant. The administrator prosecutes a writ of error.

The chief point in the case is, as to the validity of the second plea. Without inquiring whether the facts alleged in the plea constitute such a gift of the bond, as a Court of Equity will protect and enforce when its aid is sought, it is very clear that they constitute no legal defence to this action. This is an action at law, and it is only necessary to ascertain who has the legal-interest in the bond. The demurrer only admits such facts as are well pleaded. The plea does not allege an assignment of the bond. Under our statute, the legal interest can only be transferred by indorsement in writing. A mere delivery does not pass such an interest. An action can only be maintained in the name of the person who has the legal interest. *Kyle* v. *Thompson*, 2 Scam. 432; *Campbell* v. *Humphries*, Ib. 478.

The defendant failing to allege an assignment of the bond, the inference is unavoidable, that there was none, and that Oliver never parted with the legal interest. At his decease, as a matter of course, that interest descended to his personal representative, in whose name alone an action must be brought to recover the money. Chadsey, in whom the legal interest is thus vested, institutes an action on the bond, and the obligor does not deny that interest, but insists as a defence that third persons have an equitable interest in the obligation. Is this any answer in law to the action? This question was, in principle, settled by this Court, in the case of *McHenry* v. *Ridgeley*, 2 Scam. 309. In that case, an action was brought in the name of Ridgeley, on a note assigned to him as cashier. A plea that the note was assigned to Ridgeley as the agent of the Bank; that he never had any

interest in the note; and that the legal and beneficial interest therein, was in the Bank, was held by the Court to constitute no defence to the action. In that case, the legal interest was in the plaintiff, and the defendant was not permitted to defeat a recovery, by showing that the note was held for the benefit of others. In the present case, the legal interest of the administrator is not questioned, and the only defence interposed by the obligor is, that third persons are beneficially interested in the bond. This is no reason why he should not perform his obligation. The suit is in the name of the proper person, and it makes no difference to the defendant for whose benefit it is brought. As was said in the case of *McHenry* v. *Ridgeley*, the Court will not inquire whether the plaintiff sues for himself, or as trustee for some other person. It is sufficient that he has the legal interest. For aught the record shows, this suit may be prosecuted for the benefit of the donees of the bond. Whether it is or not, the rights of the defendant are not to be affected by the recovery. Admitting the truth of the plea to the fullest extent, it shows but this, that the plaintiff has the legal, and the donees the equitable estate. In a Court of Law, which of these interests is to prevail? Most assuredly the legal one. This view is conclusive on the defendant. The Court of Law, having jurisdiction of the case, should proceed to try it according to its rules, leaving to those claiming the beneficial interest in the subject matter to invoke the aid of Equity. If the Lewises are in fact the donees of the bond, the administrator holds it as trustee for them, and if he refuses to account to them, a Court of Equity will compel him to execute the trust. It may be a serious question whether there was a valid gift of the bond, important alike to the interests of the estate, and the donees. That question ought certainly not to be determined in this collateral manner, in a proceeding to which the donees are not parties, and, of course, not bound by any adjudication which may be made. In this conflict between the legal and the equitable interests, a Court of Equity is peculiarly the appropriate tribunal to adjust the rights of the parties. The defendant is not interested in that adjustment,

it being a matter exclusively between the administrator and the donees.

We think, therefore, that the Circuit Court erred in deciding the plea to be valid, and its judgment is reversed with costs, and the cause remanded for further proceedings, consistent with this Opinion.

*Judgment reversed.*