# CHRISTOPHER SHAFFER

*v.*

# STEPHEN SUTTON.

1. PARTIES—*defendants—who have been summoned—not relieved. from diligence by reason of sickness.* The mere fact that a party defendant is sick and unable to attend the court to which he has been summoned, does not excuse him from diligence in defending the suit.

2. INJUNCTION—*assessment of damages on dissolution.* In cases where an injunction has issued to restrain the collection of a judgment at law, it is not necessary that suggestions in writing should be filed as required by the act of February, 1861, before awarding damages upon dissolution of the injunction. Such case is within the act of 1845, and by that alone governed.

3. STATUTES—*act of* 1861—*relative to injunctions—does not repeal the law of* 1845. The act of February, 1861, on that subject, does not repeal the act of 1845, but was designed to provide for a class of cases not embraced within the last named act, among which an injunction to enjoin the collection of a judgment at law is not included.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion states the case.

Messrs. KETCHAM & ATKINS, for the appellant.

Messrs. MORRISON & EPLER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

At the March term, 1866, of the Morgan Circuit Court, Stephen Sutton, as administrator of the estate of Jacob Emerick, deceased, obtained a judgment by default, after due service of process, against Christopher Shaffer, for money alleged to have been received ·by Shaffer, belonging to

Emerick's estate, for $1,100.    An execution was duly issued
on this judgment, and was in the hands of James Dick, the
sheriff of Cass county, to which county it was directed, and
was levied upon Shaffer's land.

Shaffer filed his bill of complaint, to enjoin the execution
and all proceedings on the judgment, and an injunction was
granted by the master in chancery.    The principal ground for
the injunction, was the allegation that he had no notice of the
pendency of the suit in Morgan county; that the process
served upon him, was, as he supposed, a subpœna to attend
the court as a witness, and that he would have attended court
in that capacity had he not been prevented by sickness, ren-
dering it impossible for him to travel.    He denies, in his bill,
all indebtedness to the estate of Emerick.

The answer of the administrator, Sutton, alleges that the
process was duly served upon the complainant, and states in
full the foundation of the claim against complainant, by which
it would appear that Emerick died in debt to Sutton, and left
in cash, at his death, about $1,025, which his widow gave to
one Henderson for safe keeping; that complainant was the
son-in-law of Emerick, and soon after his burial, the com-
plainant and his wife, a daughter of the deceased, and a son,
Andrew, since dead, and another son, living in Ohio, met at
the residence of the deceased, when Henderson delivered this
money to the complainant, taking his receipt for it, and there-
upon complainant divided it out among the heirs at law of
the deceased, namely, Andrew, the son from Ohio, and him-
self, in right of his wife, being three in all.

The cause was heard upon the bill, answer, replication and
testimony, and a decree dissolving the injunction, with five per
cent. damages, and dismissing the bill, was rendered.

To reverse this decision, the complainant has appealed to
this court.

It appears that complainant was sick during the month of
March, 1866, and during his sickness he spoke of writing to

some one, or getting some one to attend to the law suit, in which the writ had been served, or getting some one to write.

That this money was paid over to Shaffer, the complainant, by Henderson, is indisputable. The widow states the transaction in the clearest manner, and it was principally upon her evidence, we presume, the judgment was rendered in the circuit court. She refutes the statements of complainant that he did not receive the money. The fact is fully established, that he did receive it.

It was proved by the deputy sheriff, who served the original summons upon the complainant, that he explained to him what it was for, and advised him to attend to it, or judgment would be rendered against him. He replied that he owed Sutton nothing.

The record shows the judgment recovered in the Morgan Circuit Court by Sutton, as administrator of Emerick, against complainant, was just and equitable, and his denial of any indebtedness, was false and unfounded. Under the proof, the court could have rendered no other decree. The fact that a party defendant is sick and unable to attend the court to which he has been summoned, does not relieve him from the duty of diligence. This complainant could, as he proposed to do, have employed counsel to make his defense, if he had one, but it is very apparent he had no defense of any kind. The pretense that he did not know it was a summons, but only a subpoena, that was served upon him, is equally false and unfounded, as is shown by the officer serving it.

It is objected by complainant, that the court, on the dissolution of the injunction, assessed damages without suggestions in writing, as required by the act of 1861, and therein erred.

This act was not designed to, and does not, repeal the act of 1845. It provides for cases not embraced in the last named act. This case comes directly within that act, as it was an injunction to stop the collection of a judgment at law, and for no other purpose. The act of 1861 provides for damages

resulting from injunctions obtained in that large class of cases where a money recovery is not the subject of controversy, and they are so various as not to be particularized. In such cases, some suggestion, which is in the nature of a declaration, is necessary, to apprize the opposite party of the character or nature of the claim for damages, out of what it arises, and how the party has been injured. Not so, where an injunction to enjoin the collection of a judgment is sought. There the amount enjoined furnishes the extent of the claim—it appears on the face of the bill, and consequently, no suggestions, as such, are necessary.

Perceiving no error in the record, the decree must be affirmed.

*Decree affirmed.*