# WILLIAM A. FORTH *et al.*

### *v.*

# THE TOWN OF XENIA.

1. ASSESSMENT OF DAMAGES *on dissolution of injunctions—when suggestions in writing required.* A bill in chancery was filed to enjoin the corporation of a town from instituting and prosecuting actions at law against the complainant, for alleged violations of a certain ordinance of the town, prohibiting the sale of spirituous liquors therein: *Held,* such an injunction falls under that class of injunctions specified in the act of 1861, so that upon its dissolution, damages claimed by reason of the injunction could not be properly assessed by the court, unless the defendant filed suggestions in writing, of the nature and amount thereof. It was error to assess such damages upon a mere motion.

2. SAME—*evidence upon such assessment, and the preservation thereof—presumption.* In cases of assessment of damages under the act of 1861, requiring suggestions in writing to be filed, the court is required to hear evidence in respect thereof, and such evidence must be preserved in the record, to support the decree awarding damages. There is no presumption in such case, to aid the omission of the evidence from the record.

APPEAL from the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

The opinion states the case.

Messrs. BRYAN & SMITH, for the appellants.

Mr. W. STOKER, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The object of the bill filed in this case was to enjoin the corporation of the town of Xenia from instituting and prosecuting actions at law against appellants, for alleged violations of a certain ordinance of the town, prohibiting the sale of spirituous liquors therein.

At the term of the Clay circuit court, to which the writ of injunction was returnable, a motion was entered by defendants to dissolve the injunction, which was allowed by the court. Thereupon, the defendants entered a motion to assess the damages which they claimed to have sustained, and the court, " after being sufficiently advised in the premises," assessed the damages at fifty dollars, and dismissed the bill.

To reverse this decree, the complainants appeal to this court.

The only point pressed upon the attention of the court by appellants is, the manner in which the damages were assessed. It appears they were assessed on motion of the successful party, and without any suggestions in writing, and without any evidence of the amount of damages the town had sustained by reason of suing out the injunction.

Appellees claim that this court will presume the circuit court did its duty, and heard evidence on assessing damages. This is an admission by appellees that evidence on the point should have been heard by the circuit court, and in this they are not mistaken.

The injunction in this case falls under that class of injunctions specified in the act of 1861. This act provides that the party claiming damages by reason of the injunction, shall, on its being dissolved, file suggestions in writing of the nature and amount thereof, and the court is required to hear evidence and assess such damages as the nature of the case may require and to equity may appertain, to the party damnified by the injunction, and execution may be awarded to collect them. Session Laws 1861, p. 133, sec. 1.

This act, as we said in *Shaffer* v. *Sutton*, 49 Ill. 506, does not repeal the act of 1845, but was designed to provide for a class of cases not embraced within that act. By that act, injunctions to restrain the collection of judgments at law were alone provided for, in which cases, suggestions in writing were unnecessary, nor was evidence necessary, as the amount of the judgment enjoined was apparent from the papers.

We are not aware of any rule of law or equity requiring this court to presume that the circuit court heard evidence on rendering a decree. The rule has been often stated by this court that the facts on which a decree in equity is based, must appear somewhere in the record. *Wilhite et al.* v. *Pearce et al.* 47 Ill. 413; *Pankey, Adm.* v. *Raum,* 51 ib. 88.

We see no compliance with the act of 1861 in this case. There were no suggestions in writing of the nature or amount of the damages, nor does it appear the court heard evidence showing the extent of damages or how they arose. As well might a decree have passed against the complainants for $500 as for fifty dollars, and if appellees' views are correct, this court must presume evidence was heard showing damages to that amount.

The court erred in assessing the damages without suggestions in writing of the nature and amount thereof, and without any evidence establishing a right to damages. For this error, the decree must be reversed and the cause remanded.

*Decree reversed.**

---

* CHARLES FRIEND *v.* THE TOWN OF XENIA.

APPEAL from the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

Messrs. BRYAN & SMITH, for the appellant.

Mr. W. STOKER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case is, in all important particulars, the same as the preceding case, and must be decided in the same way.

The decree is reversed and the cause remanded.

*Decree reversed.*