## MARTIN DUNN ET AL.
### V.
## ALONZO D. WILKINSON.

*Judgments—Injunction—Dissolution—Damages—Sec. 8, Chap. 69, Starr & C. Ill. Stat.*

Upon the dissolution of an injunction to restrain the collection of a judgment in whole or in part, Sec. 8, Chap. 69, Starr & C. Ill. Stat., requires the assessment of damages in some amount, within the limit of ten per cent. of the judgment or part so reduced.

[Opinion filed January 19, 1888.]

APPEAL from the Circuit Court of Ogle County; the Hon. JOHN V. EUSTACE, Judge, presiding.

Messrs. D. W. BAXTER and J. C. SEYSTER, for appellants.

No brief filed for appellee.

*Per Curiam.* The appellee filed his bill in chancery to enjoin a judgment against him upon a judgment note in favor of the appellant. The bill alleged that the note on which the judgment was rendered was given for the purchase of a stock of drugs, etc., by the appellee from the appellant. That there was fraud in the sale, and also a conversion of collaterals placed in the hands of the appellant by the appellee. The bill prayed that the damages appellee had sustained by reason of such fraud in the sale and the conversion of the collaterals might be ascertained and set off against said judgment, and that the Sheriff be perpetually enjoined from collecting the execution on said judgment.

The appellant filed his answer, denying all fraud in the sale, and denying that he converted the securities, and asks that on hearing the injunction be dissolved and the bill dismissed, etc.

The Sheriff answers, disclaiming any interest in the matter,

except as Sheriff, and prays that he may be dismissed with cost. Replication filed. Referred to master to take proof and report. Master reported evidence, and cause re-referred to him to report findings of law and fact. Master's report of findings, exceptions thereto by appellant and appellee.

Motion to dissolve injunction and dismiss bill; cause heard on bill, answer, replication and master's report of evidence, and findings of exceptions thereto. Decree dismissing bill and dissolving injunction for want of equity, at complainant's cost, and providing that, as to suggestion of damages heretofore filed on account of dissolution of injunction, said cause be continued.

The suggestion of damages was on account of money ex_ pended for solicitor's fees and other damages. The court on the hearing of the question on the suggestion of damages, entered an order refusing to allow any damages. From this order the defendant Dunn appealed, and has filed abstracts and briefs, as required by the rules of this court.

Under Sec. 8, Chap. 69, Starr & C. Ill. Stat., it is provided that where an injunction to restrain the collection of a judgment is "dissolved in whole or in part, the complainant shall pay, exclusive of legal interest and costs, such damages as the court shall award, not exceeding ten per centum on such part as may be released from the injunction."

It will be seen that this statute requires damages to be assessed in some amount not exceeding ten per cent. This may be allowed without any suggestion of damages being filed, and even without evidence. Forth v. Town of Xenia, 54 Ill. 210. It would not be improper, however, for the court to hear evidence as to the expense the respondent had been put to in his efforts to procure a dissolution of the injunction, including attorney's fees, in order to ascertain what would be a reasonable allowance for damages inside the limit of ten per cent. provided for in the statute.

No more than ten per cent. on the amount of the judgment released from the injunction can be allowed. Camp v. Bryan, 84 Ill. 250. It seems from the evidence in this case that it was necessary for appellant to employ counsel to defend

against the injunction suit in order to procure a dissolution. In this case, however, the suggestion of damages was broad enough to cover all claim for damages. The appellee in this case has not favored us with any brief, and we might, for that reason, have reversed the judgment for non-compliance with the rule of this court; but we have preferred to decide the case on its merits, so that the questions involved may be, settled.

The judgment, for the error of the court in not assessing damages under the statute, is reversed and the cause remanded.

*Reversed and remanded.*