## William S. Reed v. New York National Exchange Bank et al.

### Gen. No. 13,002.

1. ASSIGNMENT OF ERROR—*effect of acquiescence in ruling complained of.* Complaint cannot be made of the action of the court in requiring as a prerequisite to the continuance of an injunction that a bond be given differently conditioned from that originally approved, where such prerequisite was complied with and such new bond given.

2. INJUNCTION—*essential condition of bond where collection of judgment is enjoined.* Where the collection of a judgment is enjoined, the chancellor has no discretion but must require a bond in double the amount of the judgment conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded in case the injunction is dissolved.

3. INJUNCTION—*what bill praying restraint of collection of judgment should set up.* Such a bill should not only show want of service of process upon the complainant but must also show by the averment of facts a meritorious defense to the claim upon

which the judgment in question is predicated. The requirement of setting up a meritorious defense is not met by a statement that the declaration filed in the cause upon which the judgment was rendered did not state a cause of action.

4.  INJUNCTION—*when damages will be allowed upon dissolution of.* With no findings of facts to support the same, the chancellor upon dissolving an injunction restraining the collection of a judgment, may allow damages equal to ten per centum of the amount of the judgment enjoined.

5.  AMENDMENT—*when denial of leave to make, proper.* The denial of an application for leave to make an amendment is proper where it appears that the amendment sought to be filed would not cure the vice of the bill which had been successfully pointed out by demurrer.

6.  SOLICITOR'S FEES—*what does not preclude allowance of, upon dissolution of injunction.* Solicitor's fees may be allowed upon the dissolution of an injunction, notwithstanding the solicitor performing the services was a defendant.

Bill in equity. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed February 18, 1907.

**Statement by the Court.**    William S. Reed, the appellant, on December 30, 1905, brought a bill in equity in the Superior Court of Cook county, praying for an injunction against the appellees, the New York National Exchange Bank and Elmer H. Adams, to prevent them from further prosecuting a *scire facias* to revive a judgment for $1,019.29 and costs in said Superior Court, entered against said William S. Reed in favor of the New York National Exchange Bank on November 11, 1893, and to prevent them "from enforcing or attempting to enforce the collection of said judgment." A preliminary injunction was immediately ordered "upon the complainant giving a good and sufficient statutory bond in the sum of fifteen hundred dollars." The complainant filed a bond in said sum, conditioned for the payment to defendants of "all such costs and damages" as should be awarded to any one or more of said defendants jointly or sever-

ally against the complainant in case the injunction should be dissolved. The bond was approved by the chancellor and the injunction issued.

On January 3, 1900, however, it was ordered by the chancellor that the order theretofore entered granting the complainant a preliminary injunction should be so modified as to require the complainant to file a good and sufficient injunction bond in the sum of $1,800, conditioned to pay the amount of the judgment by said order enjoined, together with interest, costs and damages, in case said injunction should be dissolved or should have been wrongfully issued, in default of which the injunction order was to be vacated. After some delay the complainant filed a bond in such sum so conditioned, and on the same day the defendants filed a joint and several demurrer to the bill. The demurrer was both general and special, and alleged as the special cause of demurrer that the complainant had nowhere in his said bill stated facts which would constitute a good defense to the note upon which the judgment sought to be enforced was based.

The cause on January 17, 1906, came on to be heard on the motion of defendants to dissolve the injunction on the face of the bill, and on the demurrer. The injunction was dissolved, the demurrer sustained, and the bill dismissed for want of equity. Leave was given to defendants in the same order to file a suggestion of damages within five days. A suggestion was accordingly filed, and on January 31, 1906, judgment was entered in favor of the New York Exchange National Bank against William S. Reed for $100, which it was found that said defendant had become liable to pay to its solicitor for services rendered in procuring a dissolution of the injunction.

January 31st also, a motion was made by the complainant to vacate the order of January 27, 1906, and for leave to make a certain specified amendment to his

bill. This motion the chancellor, on January 31st, denied, and in the order, after the statement of the denial of the said motion, the following provision appears:

"And the complainant having prayed. an appeal to the Appellate Court, the same is hereby allowed upon the complainant filing herein within twenty days hereof an appeal bond in the sum of two hundred dollars, with security to be approved by the clerk of this court."

An appeal bond was afterwards filed and approved by the clerk, running to the New York National Exchange Bank and Elmer H. Adams, reciting, quoting literally, that "the New York National Exchange Bank and Elmer H. Adams did on the 31st day of January, A. D. 1906, recover a judgment against William S. Reed upon a decree dissolving the injunction herein obtained and dismissing the bill herein for want of equity for the sum of one hundred dollars in favor of said New York National Exchange Bank, a corporation, and in favor of said corporation and said Adams on January 27, 1906, one of the days of said January term, for costs of suit, from which said judgment and decree dismissing complainant's bill for want of equity and dissolving said injunction of the said Superior Court of Cook County, the said William S. Reed has prayed for and obtained an appeal," etc., and conditioned that "said William S. Reed shall duly prosecute his said appeal with effect and moreover pay the amount of the judgment, costs, interest and damages rendered and to be rendered against him in case said judgment shall be affirmed," etc.

The appellant has assigned as error the following actions of the court below: Denying the motion for leave to amend the bill. Dismissing the bill of complaint for want of equity. Sustaining the defendants' demurrer to said bill of complaint. Dissolving the preliminary injunction. Requiring as a condition precedent to the continuance of the injuction herein, a

stipulation in the injunction bond whereby the complainant made himself liable to pay a certain judgment without reference to any defense said complainant might have to the action then pending to revive said judgment. Requiring appellant to give an improper and burdensome injunction bond. Rendering the decree "herein."

The appellee moved in this court to dismiss the appeal on the ground that there were three orders in the cause in the court below: First, the order of January 27, 1906, sustaining the demurrer dismissing the bill and dissolving the injunction; second, the order of January 31, 1906, assessing damages on the dissolution of the injunction at $100; and third, the order of January 31, 1906, denying motion of complainant to vacate the order of January 27, 1906, and for leave to file amendment to the bill; that it was only the last order from which an appeal was allowed or was taken, and that the appeal bond contains no reference to the order which was appealed from, but only to the others.

The appellant contends as to this motion that it was in any event made too late, and that the appeal was in fact allowed and taken, and should be construed and considered by this court as having been allowed and taken from the decree and all the orders entered in the cause. The motion was reserved to the hearing.

CHARLES F. DAVIES and SOL. ROSENBLATT, for appellant.

ADAMS & FROEHLICH, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Notwithstanding the inartificial method of making the record in this appeal and the obscurity of the conditions of the appeal bond, we think there is sufficient

warrant for us to consider the entire cause on its merits and to pass on all the final orders in the case. We prefer to do so, and as, in the view we take of the matter, it makes no difference in the final result, we do not need to discuss more particularly the questions arising on appellee's motion to dismiss the appeal, which is denied.

But the appellant complains, first, that after having been granted a preliminary injunction and having filed a bond, he was required, on pain of having the injunction order vacated, to give another bond differently conditioned. We do not see how, in the present state of the record, the appellant can contend, even on his own theory, that this order of January 3, 1906, is before us for review. He chose to conform to the condition required by the court, and for the time preserved his injunction. Had he then refused to give the bond required and the injunction had been for that reason dissolved, this action perhaps, as the bill was merely for an injunction, might have been regarded as a final order and tantamount to a dismissal of the bill without that explicit decree (Brewing Co. v. Manion, 67 Ill App. 316), and an appeal might have preserved the right to question it; but no such course was adopted here. If we could entertain the complaint, however, we could give it no force. It was plainly the duty of the court to require a condition in the bond such as he did require. The bond first filed was not, as required, a good and sufficient "statutory" bond. The bill explicitly asked for an injunction against the defendants "enforcing or attempting to enforce" a certain judgment. The injunction which was issued explicitly ordered the defendants "to desist and refrain from collecting or attempting to collect" the judgment. It matters not what other injunction was prayed or granted, the injunction plainly was; in any event, one enjoining a judgment. As to the injunction bond in such a case a chancellor has no discretion

whatever.  He must require, under the statute, a bond
in double the amount of the judgment, with sufficient
surety, conditioned for the payment of all moneys
and costs due to the plaintiff in the judgment and
such damages as may be awarded against the com-
plainant in case the injunction is dissolved.  (Chapter
69, section 8, Revised Statutes.)  The only errors which
the court committed about the bond were in approv-
ing the first one with an improper condition, and in
taking the second with an insufficient penal sum.

Passing to the order dissolving the injunction sus-
taining the demurrer and dismissing the bill, we are
unable to see how the court could have done other-
wise.  The note itself, on which the judgment sought
to be enjoined was based, is not described in the bill,
and it does not, therefore, appear that it was not
accompanied by a warrant of attorney which would
sufficiently explain a want of service of process.  But
it is conceded by the appellant that the weight of au-
thority supports the rule that to afford complainant
relief by injunction against a judgment, he must allege
and prove something more than that he was not served
with process.  "He must also indicate," the appellant
says, "that he has a good defense to the suit."

But the law should be stated, we think, more
strongly than this.  The complainant must not only
indicate in his bill by general allegations of conclu-
sions that he has a defense, but must state facts which
show it.  The complainant's statement that he has
always had a good defense to any suit which might
be brought on the note on which the judgment was
based, is an example of the statement of a conclusion
which will not do; and the allegation that the dec-
laration on which the judgment was rendered stated
no cause of action, is another.  It would seem that if
practically a demurrer to a declaration at law was to
be tried in this suit in chancery, the bill should have
contained a statement of what the declaration con-

tained, and what was the matter with it. Certainly we are in no position to accept complainant's conclusion on a matter of law, being entirely ignorant of the facts on which it is based. If the court below is presumed to have more knowledge then we, through cognizance of its own records, the intendment, if any, would be that it did not agree with the complainant.

After the court had sustained the demurrer on argument and dismissed the bill, the complainant desired to amend its bill, and was denied permission. We should be slow to call this an abuse of discretion, even had the proposed amendment seemed to have improved the case made by complainant, but, as a matter of fact, it did not. Had the bill been amended as proposed, there would still have been, ouside of the lack of process, only conclusions set forth as reasons for enjoining the judgment.

That there was no consideration for the note shows by itself no defense to it. It might have been an accommodation note, and if not, it might have been in the hands of an innocent holder for value.

Amended as proposed, or unamended, the bill was insufficient to justify the relief prayed and the demurrer was properly sustained to it as it stood, and the leave to amend it was properly denied.

Complaint is also made by appellant of the order allowing $100 damages to the bank as a sum which it had become liable to pay to its solicitor for services in securing the dissolution of the injunction.

It is argued that allowance of this sum is erroneous because it does not appear that any evidence was heard justifying the finding on which it was based, and that because Adams was a defendant and also solicitor in the cause it is against public policy to allow solicitor's fees to either defendant. We do not think that the rule that a solicitor is not to be allowed fees for services in his own behalf has any application to a case like this, where the bill shows that the so-

licitor of the principal defendant is made a co-defendant simply because he is such solicitor, and for no other reason; but apart from that and any question of the necessity of evidence to fix the amount in ordinary cases of a dissolution of an injunction, we are clearly of the opinion that the damages up to a possible ten per cent. of the judgment sought to be enjoined in a case like this are placed within the discretion of the court by statute, and that no finding of what the defendant owes his solicitor and no evidence to prove it are necessary. Revised Statutes, chap. 69, sec. 8; Forth v. Xenia, 54 Ill. 210; Dunn v. Wilkinson, 26 Ill. App. 26; Off v. Title G. & T. Co., 87 Ill. App. 472.

The theory that in the teeth of the bill and of the injunction granted on it, we should hold that no judgment was enjoined, because of the lapse of time which we are called upon to say conclusively showed the judgment itself non-enforceable, does not need discussion further than for us to say we do not assent to it.

The appellant seems to feel aggrieved by the fact that in his unsuccessful attempt to secure an injunction against the judgment he has given a bond which further secures it. This is not the fault of appellees. The choice of aggressive action in chancery, instead of defensive action at law, was made by the appellant himself.

Seeing no reversible error in the record, the judgment orders of the Superior Court appealed from are affirmed.

*Affirmed.*