## William S. Reed et al. v. New York National Exchange Bank et al.

### Gen. No. 13,333.

1. BOND—*when obligors cannot complain of joint suit and judgment upon.* Joint obligors in a bond cannot complain of a joint action upon such bond brought by the obligees named therein, nor can they complain of a joint judgment rendered upon such bond, nor of the fact that no distribution of the damages awarded is made or sought to be made by the judgment rendered.

2. LEAVE TO VERIFY—*when denial of, not ground for reversal.* It is within the discretion of the court to grant or refuse leave to verify a plea which properly should have been verified, where the specific matters alleged in the affidavit of merits filed in support of the motion for leave to verify did not constitute legal defenses.

Action of debt. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed July 1, 1907.

CHARLES F. DAVIES and SOL ROSENBLATT, for appellants.

ADAMS & FROEHLICH, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This litigation sprang from a *scire facias* proceeding brought by the New York National Exchange Bank against William S. Reed to revive a judgment obtained by said bank against said Reed in the Superior Court on November 11, 1893, for $1,019.29 and costs. When this *scire facias* proceeding had been brought and process in it served on William S. Reed, Reed filed a bill in

equity against the New York National Exchange Bank and Elmer H. Adams, who was its attorney in the *scire facias* proceeding, to enjoin the prosecution of the *scire facias* and the enforcement or attempt to enforce the collection of said judgment. A preliminary injunction was ordered, and after various proceedings in said cause described in the opinion in Reed v. New York Nat'l Exchange Bank, 131 Ill. App. 434, a bond such as is required by the statute in such cases was filed by Reed with himself as principal and The Fidelity and Deposit Company of Maryland as surety, conditioned that said Reed should pay the amount of the said judgment enjoined, together with interest, costs and damages in case said injunction should be dissolved or should have been wrongfully issued.

The injunction was afterwards (January 17, 1906) dissolved on the face of the bill and a demurrer and the bill dismissed for want of equity. An appeal was taken to this court by the complainant Reed, in which appeal the action of the Superior Court was affirmed February 18, 1907. Reed v. N. Y. Nat'l Exchange Bank, No. 13002, 131 Ill. App. 434, *supra*. While the appeal was pending here, however, on February 19, 1906, the New York National Exchange Bank and Elmer H. Adams began an action of debt upon the injunction bond, in which they were the obligees, against the obligors, William S. Reed and The Fidelity & Deposit Company of Maryland. On the same day they filed a declaration, setting forth the bond and the breach and an affidavit of one of the plaintiffs' attorneys appended thereto, that there was due from the defendants to the plaintiffs by reason of the said breach the sum of $1760.75/100.

March 6, 1905, a motion was made by defendants in this suit to stay proceedings in it until the disposition by the Appellate Court of the appeal No. 13002, hereinbefore mentioned. This was denied, but an extension of time to plead to March 12, 1906, was allowed.

March 12, 1906, the defendants filed ten pleas: 1. *Nil debet*. 2. *Non est factum*. 3. *Nul tiel* record. 4. *Non damnificatus*. 5. Want of consideration for the bond, because it was made "to secure under certain conditions payment of a certain judgment," etc., "which said judgment * * * was and is null and void." 6. No writ of injunction was ever issued as set forth in the declaration. 7. The pendency of a cause, No. 249,250, in the Superior Court of Cook county, between the same parties and on the same subject-matter, namely, the collection of the judgment, etc. 8. No writ of injunction was directed to the sheriff for execution, as set forth in the declaration. 9. No writ of injunction was delivered to the sheriff for execution. 10. The sheriff did not serve the defendants, or either of them, with a writ of injunction, etc.

There was no affidavit of merits filed with said pleas, and March 16, 1906, the plaintiff moved to strike the defendants' pleas from the files for want of an affidavit of merits, and the defendants made a cross-motion for leave to file an affidavit of merits instanter and an additional plea. The proposed affidavit and plea were preserved in a bill of exceptions, and are before us.

The defendants' motion for leave to file affidavit and pleas was denied, and the plaintiffs' motion to strike the defendants' pleas from the files for want of an affidavit of merits was allowed. Thereupon, as the bill of exceptions recites, default of the defendants was entered for want of a plea, "and thereupon the plaintiffs, by their attorney, moved the court for judgment upon the affidavit of claims attached to the plaintiffs' declaration in favor of the plaintiffs and against the defendants, and the court, over the objections of the defendants, by their counsel, granted said motion and entered judgment on said affidavit of claims against the defendants for the sum of $1,800 debt, $1,760.75 damages, debt to be discharged upon pay-

ment of damages and costs of suit,'' etc., ''which were all the proceedings had (there having been no evidence offered in the cause.)''

The present appeal is from this judgment. The order of judgment in the common law record recites the judgment as follows, after setting forth the default for want of a plea:

''Wherefore the plaintiffs sought to have and recover from the said defendants their debt and also their damages sustained herein by reason of the premises, and thereupon reference is had to the court to ascertain the amount due and assess the plaintiffs' damages herein, and the court now here, *after hearing all the allegations and proofs submitted herein by the plaintiffs,* and being fully advised in the premises, finds that there is now due and owing from the said defendants to the plaintiffs the sum of eighteen hundred dollars debt and assesses said plaintiffs' damages against the defendants to the sum of seventeen hundred and sixty dollars and seventy-five cents, to which defendants except. Therefore it is considered by the court that the plaintiffs do have and recover of and from said defendants their said debt of eighteen hundred dollars, and also their damages of seventeen hundred and sixty dollars and seventy-five cents,'' etc.

''It is further ordered that said debt be and is hereby discharged on the payment of the said damages,'' etc.

By their assignments of error the appellants claim that the court below erred in not extending the time to plead until after the disposition of the bill for an injunction on appeal in this court, in overruling the motion for leave to file the proposed additional plea and the affidavit of merits, in striking the appellants' pleas from the files for want of an affidavit of merits, and in entering the default and judgment against defendants. It is also claimed that ''there was a misjoinder in the declaration and judgment of joint

and several claims on the part of appellees below respectively, and as against the appellants respectively, and the court erred in proceeding in an action upon the same."

There is nothing of merit in these contentions. The last one, which relates to the suit by the joint obligees, is evidently not well taken. The judgment is for the penal sum of the bond. The bond is chancerized by the provision that the judgment is to be discharged on payment of the damages. The distribution of the damages between the plaintiffs is no concern of the appellants. Chadsey, admr., v. Lewis, 6 Ill. 153. They are in no position to complain. They executed the bond to the obligees jointly and the obligees jointly must sue. The bond to both the obligees was rendered necessary because the appellant Reed chose to make the lawyer of the appellee bank a party defendant to the bill for an injunction merely because he was its lawyer.

The defendants were not entitled to an extension of time to plead. They did not apply to have the injunction remain in force. It fell entirely on its dissolution and the dismissal of the bill. The condition of the bond was then broken and this suit lay. The discretion of the court below was appealed to by the application for this extension of time, and the record in the injunction cause appealed to this court was presented, as we understand appellants, to show the court in this cause that it had so erroneously decided the other one that it should proceed no further in the business until it had heard from us. This line of argument was not effective to secure the result aimed at. That the Superior Court was right in not giving it weight is shown by the fact that the outcome of the case then pending on appeal here established, so far as our decision could do it, the correctness of the decision of the Superior Court therein.

The striking of the appellants' plea from the files for want of an affidavit was inevitable unless the

counter motion for leave to file affidavit and additional plea instanter was granted. Filkins v. Byrne, 72 Ill. 101. But the granting or refusal of this counter motion at that time was within the discretion of the court. We do not think it was abused.

The specific matters alleged in the affidavit of merits as defenses were no defenses, and the court was not then bound to allow a three years' delay, more or less, on account of any general language added to these allegations. Wilder v. Arwedson, 80 Ill. 435.

The proposed additional plea was demurrable.

With the pleas of the defendants removed from the files there was no reason why the default and judgment should not have been entered.

The declaration and the records of the court in the injunction suit, of which records it might take judicial cognizance, together with the affidavit of claim which the bill of exceptions, but not the judgment order itself, puts forward as the sole basis of the judgment— all of which are before us in this case—make abundant foundation and justification for the judgment. There is no irregularity or phrasing in the recital of the judgment in the bill of exceptions sufficient to obscure this fact, although there are words therein which might as well have been left out.

The judgment of the Superior Court is affirmed. We shall not, however, assess damages as for an intention to delay.

*Affirmed.*