## Harry L. Hollister, Appellant, v. Marie L. Sobra, Appellee.

### Gen. No. 16,031.

1. JUDGMENTS—*equitable relief.* It is not error to dismiss a bill for want of equity where relief is sought against the enforcement of a judgment on a note entered by default about eleven years before, where no fraud is imputed to the defendant in procuring the judgment and no lack of jurisdiction is alleged, but the bill affirmatively shows that when the judgment was entered every essential fact necessary to a defense was either a matter of record or could have been ascertained by slight diligence.

2. JUDGMENTS—*equitable relief.* In general, fraud to be available for relief against a judgment at law must relate to the procuring of the judgment.

3. INJUNCTION—*assessment of damages.* Where no suggestion as to the nature and amount of damages occasioned by the issuance of an injunction is filed and the defendant abides by the chancellor's action in overruling a motion to dissolve and proceeds to a hearing on the merits, it is error to assess the damages at the value of the solicitor's services in preparing the case for hearing and in the hearing.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed in part and reversed in part, on rehearing. Opinion filed August 12, 1912.

ELMER D. BROTHERS, for appellant; WINSTON, PAYNE, STRAWN & SHAW, of counsel.

EMIL A. MEYER, for appellee; EDWARD F. DUNNE, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

On December 20, 1907, appellant, Harry L. Hollister, filed his bill in equity against the appellee, Marie L. Sobra, in the Superior Court, alleging, in substance that on June 28, 1895, he entered into an agreement with appellee, which agreement was negotiated by Jos.

R. Putnam & Co., as agents for appellee, by certain letters addressed to appellant and appellee, and accepted by them, as follows:

Chicago, June 28, 1895.

Mr. H. L. Hollister,
        Chicago.

Dear Sir: We are authorized to make you the following proposition for the exchange of properties, to-wit: We will give you the premises at No. 1907 Michigan Avenue (residence) clear of all encumbrances, except an existing mortgage of Twenty-two Thousand Dollars ($22,000.00), and taxes of 1895. You to give her 50 lots in the city of Des Moines, subject to a mortgage of $2,500.00, and the taxes of 1895, and $6,000.00 (Six Thousand Dollars), in cash.

           Yours truly,
              Jos. R. Putnam & Co.

I accept the offer.
          H. L. Hollister."

"Chicago, June 28, 1895.

Mrs. L. Sobra,

Dear Madam: We are authorized to make you the following proposition in exchange for your premises known as No. 1907 Michigan Avenue, viz: We will give you fifty (50) lots in the city of Des Moines, Iowa, subject to a mortgage of $2,500.00 at 5% per year, running five years from the date; also will give you $5,000.00 in cash, and assume the mortgage of $22,000.00 on the premises No. 1907 Michigan Avenue —each party will assume the taxes of 1895 upon the property received by each.

           Very resp.,
              Joseph R. Putnam & Co.

I accept the above offer.
        Marie Leonie Sobra."

The bill further alleges that at the time of making said agreement appellant was a resident of Lansing, Michigan, and was not the owner of the fifty lots in the city of Des Moines, mentioned in said agreement, but had a bond for a deed for the title to said

lots, and was negotiating the closing of an agreement for the purchase of the same, with the belief and expectation that within a reasonable time he would be able to convey the same to appellee, in accordance with, and within a reasonable time after said agreement was made; that appellant then stated said facts to appellee and to her said agents, and they then well knew and were fully informed by appellant that he could not immediately consummate said agreement, but that some time would necessarily elapse and that considerable time might elapse before he would be able to convey said lots; and that he was not informed or advised that there was any occasion for a speedy consummation of said agreement; that at the time of entering into said agreement appellee stated to appellant and to her said agents, that she was the owner in fee simple of the property at No. 1907 Michigan avenue, subject only to an encumbrance of $22,000.00, and that there were no other or further encumbrances thereon; that appellant relying on said statements and believing them to be true, and not then and there having any knowledge or means of knowledge of their falsity, entered into said agreement; that within a few days after the making of said agreement, to-wit: In July, 1895, appellee stated to appellant that she had deposited with said Jos. R. Putnam & Co., in escrow, a good and sufficient deed of conveyance, conveying the fee simple title to the said property at 1907 Michigan avenue to him, and that said deed would be held by said Putnam & Co., to be delivered to appellant as soon as he should place with said Putnam & Co., a like deed of conveyance of the said fifty lots in Des Moines to appellee, and frequently from time to time thereafter appellee demanded that appellant carry out said agreement, but appellant was unable to comply therewith by reason of the contemplated delays in procuring title to said lots; that by reason of said delay, on

November 20, 1895, appellee still alleging she was able, ready and willing to perform her part of the agreement, and that said deed was still in the hands of her said agents ready to be delivered to appellant, which said deed would convey to him fee simple title to No. 1907 Michigan avenue, subject only to an encumbrance of $22,000.00, claimed and pretended that she was damaged by reason of the alleged unreasonable delay, in the sum of more than $10,000.00, and then and there threatened to sue appellant to recover the said damages, but finally offered to compromise, as she called it, her alleged damages with appellant by giving appellant six months' additional time in which to carry out his part of said contract, she in the meantime leaving said deed to appellant in escrow with said Putnam & Co., to be delivered to appellant as soon as and when he delivered a good and sufficient deed to her conveying said fifty lots in Des Moines, provided appellant would execute and deliver to said Putnam & Co., in escrow, the promissory note of appellant for $10,000.00, payable to the order of appellee due six months after date, to be returned to appellant on delivery of a good and sufficient deed from him to appellee of said fifty lots in Des Moines, at any time before the maturity of said note, and on default therein by appellant said note to be delivered by said Putnam & Co., to appellee on the maturity thereof, as liquidated damages alleged to have been sustained and to be sustained by appellee; and finally in acceptance of said offer, appellant still being unable to acquire title to the said lots in Des Moines, and fearing suit by appellee to recover said alleged damages, did then and there on November 26, 1895, make and execute his certain promissory note for $10,000.00, payable to the order of appellee, due six months after date, with interest at the rate of 6 per cent. per annum after due; and did then and there deposit the same with

said Putnam & Co., to be held by them and delivered at the maturity thereof to appellee, in liquidation of her alleged damages sustained and to be sustained, provided appellant had not in the meantime been able to make the conveyance of said fifty lots to appellee; that the said note was executed by appellant in good faith and upon the representations of appellee that she had complied with the agreement of June 28, 1895, and that she was then and there ready, able and willing to convey to appellant the fee simple title to said premises at No. 1907 Michigan avenue, in accordance with said agreement. The bill further alleges that when said note matured appellant was unable to convey the said fifty lots to appellee, and thereupon over the objections of appellant, said Putnam & Co., on May 28, 1896, delivered said note to appellee, and then and there, stated to appellant that appellee had complied with and performed, and was then and there, and at all times had been ready and willing to comply with and perform, and then and there pretended to offer to appellant to comply with and perform her part of said agreement, and then and there pretended to tender and offer to appellant the said deed of said premises No. 1907 Michigan avenue; that all of these statements and representations made by the said appellee and said Putnam & Co., appellant believed, relied upon and accepted as being made honestly and in good faith; that the said Putnam & Co. were the agents of appellee and not the agents of appellant and no fee or commission of any kind was paid or promised by appellant to the said Putnam & Co. The bill further alleges that appellant having failed to pay said note at maturity, appellee, on June 26, 1896, brought suit thereon in the Superior Court of Cook County, Illinois, and appellant, believing that appellee had complied with her part of the said agreement of June 28, 1895, and relying on her statements in that behalf, did

not defend said suit, but allowed the same to go by default, and on July 26, 1896, judgment was entered against appellant and in favor of appellee for $10,075.00 and costs of suit; that appellant was unable to pay said judgment at that time, or any part thereof, and after an execution had been issued and returned unsatisfied, appellee filed a creditor's bill based upon said judgment against appellant and others; that during the year 1902 appellant still believing that appellee had always acted in good faith, made several payments aggregating $530.00 on account of said judgment; that thereafter appellee filed two several creditor's bills against appellant and others; that a period of seven years having elapsed since the entry of said judgment and appellant having only been able to make the payments on account of said judgment as aforesaid, and nothing having been realized thereon through said creditor's bills, appellee, on April 30, 1904, started suit in the Superior Court to revive said judgment; that appellant, not knowing of the facts hereinafter alleged was not able successfully to defend said suit to revive said judgment, and on January 23, 1906, a judgment of revivor was entered in said court in favor of appellee and against appellant; that on July 23, 1906, appellee filed in the said Superior Court a fourth creditor's bill against appellant and others, based upon said judgment, which said creditor's bill is still pending and undetermined in said court; that since the last creditor's bill, appellant, during the year 1907, made several payments aggregating $2,200.00 on account of said judgment. The bill further alleges that on or about November 1, 1907, through a suit brought by appellee against Jos. R. Putnam, concerning the dealings between appellee and said Putnam with reference to the agreement of June 28, 1895, appellant discovered and learned for the first time that all of the acts and doings of appellee and all her

material statements in connection with said agreement were deceitful and fraudulent, and that appellee then knew and ever since had known that the same were deceitful and fraudulent, and that it was then and since the purpose of appellee to obtain the money of appellant through deceit and fraud. The bill then alleges the facts so coming to his knowledge on November 1, 1907, and which were previously unknown to him, as follows: That appellee did not make, execute and deliver a good and sufficient deed of conveyance of said premises at No. 1907 Michigan avenue, and place the same with said Putnam & Co., within a few days after June 28, 1895, as she stated and represented to appellant she had done, but that said alleged deed of conveyance was not delivered to said Putnam & Co. until on or about August 26, 1895; that when said alleged deed of conveyance was delivered to said Putnam & Co., on or about August 26, 1895, the same showed that there was an encumbrance on the said premises at No. 1907 Michigan avenue, amounting to at least $6,120.34 in excess of the said sum of $22,000.00, which said appellee had represented to appellant was the sole and only encumbrance thereon; that on June 28, 1895, when appellant entered into the said agreement with appellee, the premises at No. 1907 Michigan avenue had been foreclosed for an indebtedness of appellee, and the time for redemption by appellee had almost expired and did expire on July 24, 1895; and that at the time when appellee executed said alleged deed of conveyance and delivered the same to Putnam & Co., on or about August 26, 1895, she had no right, title or interest whatsoever in said premises at No. 1907 Michigan avenue.

The bill further alleges that appellee is wholly insolvent, and prays that she may be perpetually enjoined from collecting said judgment from appellant, and from having any execution issued thereon and

from taking any steps of any kind or nature whatsoever toward the collection of the said judgment; that the said judgment may be set aside, cancelled and set at naught, and declared null and void; that appellee may be perpetually enjoined from further prosecuting the said creditor's bill pending in the Superior Court; that appellee may be ordered, adjudged and decreed to pay to appellant the sums of money so paid by him to her on account of said judgment, with interest at the rate of 5 per cent. per annum on each of said payments from the time the same was made, etc. An injunction was awarded appellant in accordance with the prayer of the bill. Thereafter appellee interposed a demurrer to the bill, and also filed her motion to dissolve the injunction. The demurrer to the bill was overruled and the motion to dissolve the injunction was denied. Appellee then answered the bill, denying its material allegations, and to such answer appellant filed his general replication. Appellee then further filed her suggestion of damages for wrongfully suing out the injunction. The cause having been heard by the chancellor upon the pleadings and proofs, a decree was entered wherein it was ordered and adjudged: (1) that the injunction was wrongfully sued out, and the same be dissolved; (2) that appellee had sustained damages thereby in the sum of $1,250.00 which she should recover from appellant, and (3) that the bill be dismissed for want of equity.

The decree is predicated solely upon a finding by the chancellor that as the records were open to appellant whereby he might have ascertained the condition of the title to the premises known as No. 1907 Michigan avenue, at the time judgment was entered against him upon the note, he should have presented his defense at that time; and that his failure to then present his defense constituted a bar to the relief sought by the bill.

Although the evidence relating to the allegations

of fraud in the bill is conflicting, it may be conceded upon this appeal that the material allegations of the bill are true.

If the present proceeding was one instituted in apt time to cancel and rescind the note for $10,000.00 executed by appellant, upon the ground that the same was procured by fraud, the authorities relied upon by appellant in support of his contention that the facts alleged and established warranted the interposition of a court of equity, would be in point, but the only relief sought by the bill relates to the enforcement of a judgment by default in a suit upon said note, in a court of competent jurisdiction. No facts are alleged in the bill, which impute any fraud to appellee in procuring the judgment, and it is not claimed that the Superior Court did not have jurisdiction of the person of appellant in the suit wherein said judgment was obtained. It affirmatively appears from the allegations of the bill that at the time the judgment was entered every essential fact necessary to a defense by appellant against said note, was either a matter of record, or could have been ascertained by him by the exercise of the slightest diligence on his part.

In Kretschmar v. Ruprecht, 230 Ill. 492, it is said: "Equity will not relieve against a judgment at law, except in case of fraud, accident or mistake, and then only where the party applying for relief is free from all negligence." "It is not enough that the judgment is unjust; it must have been obtained without negligence on the part of the appellant to entitle to relief."

Generally speaking, fraud, to be available as a ground for relief against a judgment at law, must relate to the procuring of the judgment.

In considering the class of cases wherein the fraud of the prevailing party is relied upon for relief against a judgment at law, Mr. Freeman says: "The fraud for which a judgment may be vacated or enjoined in

equity must be in the procurement of the judgment. If the cause of action be vitiated by fraud, this is a defense which must be interposed, and unless its interposition be prevented by fraud, it cannot be asserted against the judgment. Freeman on Judgments, Sec. 489.

The chancellor did not err in dismissing the bill for want of equity.

Following the dismissal of the bill upon the hearing on the merits, the injunction was continued in force pending the final disposition of the case on appeal. Appellee filed no suggestions as to the nature and amount of her damages occasioned by the issuance of the injunction, but acting upon the theory that an award of damages not exceeding 10 per cent. of the amount of the judgment enjoined, was imperative under the provisions of Section 8, Chapter 69, of the Revised Statutes relating to the award of damages on the dissolution of an injunction to enjoin a judgment, the chancellor proceeded to hear evidence as to the reasonable value of appellee's solicitors' fees for their entire services in preparing for the hearing of the case and in the hearing of the same upon its merits, and fixed the amount of appellee's damages therefor at $1,250.00. This was error.

In Fry v. Radzinski, 219 Ill. 526, relied upon by appellee in support of the procedure adopted, the damages awarded covered merely the services of counsel in procuring a dissolution of the injunction upon motion. In the case at bar the motion interposed by appellee to dissolve the injunction was overruled, and appellee abided the action of the chancellor in that regard, and proceeded to the hearing of the case upon its merits.

Expressions in Smith v. Powell, 50 Ill. 21, and in Shaffer v. Sutton, 49 Ill. 506, and in Forth v. Town of Xenia, 54 Ill. 210, cited by appellee, to the effect that

626          Appellate Courts of Illinois.

American Trust & Savings Bk. v. Lantry Con. Co., 171 Ill. App. 626.

damages may be assessed under Section 8 without regard to the pleadings and evidence, and that no suggestion as to the damages sustained on the basis of compensation is necessary, are expressly disapproved in Reed v. New York Exchange Bank, 230 Ill. 50.

That portion of the decree dismissing the bill for want of equity is affirmed, and that portion of the decree awarding damages of $1,250.00 to appellee is reversed.

Decree affirmed in part and reversed in part.

*Affirmed in part and reversed in part.*