## THE ST. LOUIS, VANDALIA & TERRE HAUTE RAILROAD COMPANY

### v.

## ARTHUR M. DAWSON ET AL.

1. SERVICE UPON A CORPORATION.—The statute provides that service may be made upon a corporation by leaving a copy of the summons with the president, secretary, etc., if either can be found in the county; if not, then by leaving a copy of the summons with any director, clerk, etc., of such company found in such county. These constitute two classes, and service upon one class is primary to service upon the other; and before service upon persons of the second class will confer jurisdiction upon the courts, it must appear affirmatively that service could not be had upon persons in the first class.

2. WHAT RETURN SHOULD SHOW.—The return of the officer should show that the president of the company did not reside in or was absent from the county; only in that contingency does the statute authorize service on an agent.

3. VOID JUDGMENT.—The return in this case not showing proper service upon defendant, the judgment is void.

APPEAL from the Circuit Court of Effingham county; the Hon. JOHN H. HALLEY, Judge, presiding.

Messrs. GILMORE & WHITE, and Mr. JOHN G. WILLIAMS, for appellant; argued that there was no proper service of the process upon appellant, and the judgment was obtained without

St. L. V. & T. H. R. R. Co. v. Dawson et al.

notice or appearance, and appellant is entitled to the relief sought, and cited Owens v. Ranstead, 22 Ill. 161; McGehee v. Gold, 68 Ill. 215.

Messrs. Wood Bros., for appellees; contending that the service was properly made, cited Lesher et al. v. Wabash Navigation Co. 14 Ill. 85; Hinde et al. v. Wabash Navigation Co. 15 Ill. 72; C. St. P. & F. D. L. R. R. Co. v. McCarthy, 20 Ill. 385; O. & M. R. R. Co. v. Dunbar, 20 Ill. 623; C. & R. I. R. R. Co. v. Whipple, 22 Ill. 106; R. R. I. & St. L. R. R. Co. v. Wells, 66 Ill. 321.

Tanner, P. J. The appellant filed his bill to restrain a constable from levying an execution which he then held, upon its property. A temporary injunction was granted, but on a final hearing of the cause the injuction was dissolved, and the bill dismissed.

It appears that the judgment upon which the writ issued was obtained against the appellant in a proceeding of garnishment, as a creditor of one Gilfoil. The appellant did not appear and resist the proceedings, which resulted in the rendition of the judgment, at any stage. The returns of the officer, indorsed upon the summons in garnishment and upon the *scire facias*, to make the conditional judgment final, were in these words: "Served by reading and leaving a copy with C. B. Wade, agent of said company," with the difference that the return of service upon the *scire facias*, styles the company the "St. L., V. & T. H. R. R. Co." These returns show no service upon appellant. The proceedings were had in January, 1877, and the service, in order to have given the justice jurisdiction, should have been made in conformity to the requirements of the 21 Sec. Chap. 79, R. S. 1874. It provides that incorporated companies may be served by leaving a copy of the summons with the president, secretary, superintendent, general agent, cashier or principal clerk, if either can be found in the county in which the suit is brought. If neither shall be found in the county, then by leaving a copy of the summons with any director, clerk, engineer, conductor, station agent, or any agent of such company found in the county.

The statute of 1853, providing for service upon incorporated companies, is substantially the same as the act under which these proceedings were had. The former statute was construed in this respect by the Supreme Court in the St. L. A. & T. H. R. R. Co. v. Dorsey, 47 Ill. 289. There the court says: "The return, to have been good under the act of 1853, should have shown that the president of the company did not reside in, or was absent from the county. Only in that contingency does the statute authorize service on an agent." In the case before us the returns of the officer are vitiated by the same fault or omission. The statute has divided the officers, agents and employees of incorporated companies into two classes, and service upon one class is primary to service upon the other, and before service had upon those of the second class can give the courts jurisdiction, it must appear affirmatively that service could not be had upon those persons embraced in the first class, on account of the existence of the causes for which the statute authorizes service upon the persons embraced in the second class.

We think by reason of the similarity of the statutes of 1853, and the statutes now in force in reference to the character of service upon incorporated companies, the decision of the Supreme Court in Dorsey's case is decisive of the one before us, and we must hold accordingly. The record presents another question of some magnitude, and upon argument a decision was pressed, but as the case must be reversed and the injunction made absolute, for the cause already mentioned, and as the rulings of the court are authority only so far as they are directory, in cases which may be reversed and remanded for further proceedings, we deem it unadvisable to pass upon the question.

The judgment rendered against the appellant was rendered without service, and is therefore void, and the Circuit Court on the hearing should have made the injunction absolute.

The cause is therefore reversed and remanded, with directions to the Circuit Court to make the injunction absolute.

Reversed.