CHARLES D. COLSON

v.

JOHN B. LEITCH.

*Filed at Ottawa May 19, 1884—Rehearing denied September Term, 1884.*

1. INJUNCTION—*to restrain the collection of a judgment at law for want of service on the defendant.* A court of equity will not enjoin a judgment at law merely on the ground that the process in the suit in which the judgment was rendered was not served on the defendant. To justify the interposition of a court of equity in such a case, it must be further shown that if the relief sought be granted, a different result will be obtained from that already adjudged by the void judgment. This is the rule under the common law authorities.

2. SAME—*as to the limit of such an injunction, under the statute.* But under the statute, "only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay," so that if he be unable to allege and prove that he has a defence against the claim upon which the judgment was founded,.in whole or in part, then the statute would forbid an injunction.

3. ESTOPPEL—*to claim under a judgment which the plaintiff assumed to vacate.* A judgment at law was obtained, as the defendant claimed, without any service of process upon him. The plaintiff in the judgment then sought to make the defendant a party by *scire facias*, and in that proceeding the plaintiff filed a paper, signed by himself, purporting to vacate the judgment. The proceeding by *scire facias* was dismissed. Afterwards the plaintiff sought to collect his judgment by creditor's bill, when the defendant claimed that by reason of the paper purporting to vacate the judgment the plaintiff was precluded from further claiming under it. But there was no consideration for that paper, it was adjudged of no effect for the purpose intended, and induced no change in the conduct of the defendant,—so there was no estoppel.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Charles D. Colson obtained a judgment, before one of the justices of the peace of Cook county, against John B. Leitch and Bernard Kelly. The summons issued by the justice of the peace was returned by the constable indorsed as having

been properly served, thus professedly giving the justice of the peace jurisdiction of the persons of the defendants. Execution was issued on this judgment, and placed in the hands of a constable to execute, and the defendant Leitch then claimed that he had never been served with process in the case. Colson then brought suit on that judgment against the defendants, Leitch and Kelly, before another justice of the peace, but that justice permitted Leitch to go behind the return of the constable, and prove that he had not, in fact, been served with process, and thereupon gave judgment against the plaintiff. Colson then caused a *scire facias* to be issued on the judgment against Leitch, to make him a party to the judgment first, as aforesaid, obtained; but the justice refused to make him a party, and rendered a judgment dismissing the *scire facias*. Colson appealed from that judgment to the Superior Court of Cook county, and that court, on hearing, rendered judgment making Leitch a party to the original judgment before the justice of the peace, but this judgment, on appeal by Leitch to the Appellate Court for the First District, was reversed, that court holding that parol evidence was not admissible to contradict the return of the constable. Colson afterwards filed a transcript of the judgment obtained before the justice of the peace, in the office of the clerk of the circuit court, for the purpose of obtaining a lien, pursuant to the statute, upon the real estate of Leitch. Execution was thereupon issued by the clerk of the circuit court, which was subsequently returned by the sheriff, "no property found on which to levy." Colson then filed his creditor's bill in the Superior Court of Cook county, against Leitch, to enforce payment of the judgment. Leitch having answered the creditor's bill, filed a cross-bill, praying that Colson be enjoined from proceeding on his creditor's bill, because he was not, in fact, a party to the judgment. The Superior Court, on hearing, dismissed Colson's bill, and rendered a decree in conformity with the prayer of the cross-

bill, and that decree was affirmed on appeal to the Appellate Court for the First District.    The present appeal brings that decree before this court for review.

Mr. D. S. GOODING, and Mr. CHAS. W. COOPER, for the appellant:

A court of equity has no jurisdiction to enjoin a judgment at law merely because the process in that court has not been served on the defendant.    It is necessary, further, to show that the party, by the irregularity, has been precluded from urging a valid defence.    (*Secor* v. *Woodward*, 8 Ala. 500; *Crofts* v. *Dexter*, id. 767.)   It is not enough that the judgment was irregular,—it must be unjust.    (*Blackburn* v. *Ball*, 71 Ill. 434; *Hunt* v. *Coachman*, 6 Rich. 286; *Rising* v. *Brainard*, 36 Ill. 79.)    Besides, the statute is conclusive on the subject.    Only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay, etc.    Rev. Stat. chap. 69, sec. 7.

Mr. PERRY A. HULL, for the appellee:

A court of equity has full power and jurisdiction to interpose and give the appropriate relief in a case where a judgment has been obtained against a defendant without service and without notice, and in such case it is not necessary to show that a valid defence could have been made in the action at law, or to allege in the bill that such defence existed. *Owens* v. *Ranstead*, 22 Ill. 161; *Bell* v. *Williams*, 1 Head, (Tenn.) 229; *Ridgeway* v. *Bank of Tennessee*, 11 Humph. 523; *Ryan & Co.* v. *Boyd*, 33 Ark. 778; High on Injunctions, sec. 126.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Leitch's defence to the *scire facias* was of a technical character, namely, that he could not be made a party to the judgment, because the record already showed that he was a party.

He did not then seek to interpose any substantial defence to the cause of action, nor claim that he had been denied the opportunity to interpose such defence. He now seeks to enjoin the collection of a judgment which he insisted, then, was conclusive against him at law, and therefore insusceptible of correction. He does not deny that he owes the amount of this judgment, nor claim that he had or has any valid defence against it, of which he has been deprived by reason of not having been served with process. His case admits a valid and conclusive judgment at law upon a debt, to which he has no defence, either legal or equitable, and he claims the judgment is invalid in equity only because, in point of fact, the record is false in reciting that he was served with process. No offer is made by the bill to pay any amount that may be found due on the indebtedness.

In our opinion our statute is conclusive against the right to have collection of this judgment enjoined. It provides: "Only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay, and so much as shall be sufficient to cover costs." (Rev. Stat. 1874, p. 579, sec. 7.) The mere judgment for costs, of course, the complainant is not equitably bound to pay, because, in equity, he did not incur any costs; but the amount of indebtedness included in the judgment he honestly owed, and against it he had no defence, either legal or equitable, and so it is impossible to say he was equitably not bound to pay any part of the judgment except that for costs. Equitably he is bound to pay the whole of the judgment for the debt. The right of injunction, it will be borne in mind, is not against the whole judgment because of any error in its rendition, but only as against "so much of it" as (*i. e.*, that part of the amount of which) he shall show himself equitably not bound to pay. In short, the right to enjoin is because that which is claimed to be owed is, in equity, not owed, and not because of the form it has been made to assume. In

Tennessee it has been held a judgment rendered without proper service will be enjoined, without regard to whether there was any defence to the indebtedness for which it was rendered. (*Bell* v. *Williams*, 1 Head, 229 ; *Ridgeway* v. *Bank of Tennessee*, 11 Humph. 523.) But in our opinion the weight of reason and of common law authority is, that a court of equity will not enjoin a judgment at law where there has been no service, unless it is alleged and proved that if the relief be granted a different result will be obtained than that already adjudged by the void judgment.

Freeman, in his work on Judgments, (sec. 498,) thus states the result of the authorities : "It has been held that a judgment rendered · without service of process, and without the knowledge of the defendant, may be relieved against without any showing on the question of merits, for the reason that in such a case the injury consists in the rendition of a judgment against a party without notice and opportunity of defence, and that it is unjust and unconscientious to attempt to enforce a judgment so obtained,"—and for this he refers, in a note, to the Tennessee cases. "But," he adds, "the better established rule undoubtedly is, that notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be other or different from that already reached," and to sustain this he cites, in a note, *Taggart* v. *Wood*, 20 Iowa, 236, *Gregory* v. *Ford*, 14 Cal. 138, *Fowler* v. *Lee*, 10 Gill & Johns. 363, *Piggott* v. *Adkins*, 3 G. Greene, (Iowa,) 427, and *Crawford* v. *White*, 17 Iowa, 560. An examination of these cases will show they sustain the author's position.

In *Secor* v. *Wood*, 8 Ala. 500, the court said : "A court of equity has no jurisdiction to enjoin a judgment at law merely because the process in that court has not been served on the defendant. It is necessary, further, to show that the party, by the irregularity, has been precluded from urging a valid defence." And to the same effect was the ruling in *Crofts* v.

*Dexter,* 8 Ala. 767. In *Gregory* v. *Ford, supra,* the Supreme Court of California, speaking through Mr. Justice Baldwin, said: "Can a defendant, having no defence to an action, enjoin a judgment by default, obtained on a return by the sheriff of service of process, upon the ground that the return is false,—that in fact he had no notice of the proceeding? It is difficult to see upon what principle chancery would interfere in any such case in favor of such a defendant. In analogy to its usual course of procedure it would seem that the plaintiff having acquired, without any fraud on his part, a legal advantage, would be permitted to retain it as a means of securing a just debt, and that a court of equity would not take it away in favor of a party who comes into equity acknowledging that he owes the money, and claims only the barren right of being permitted to defend against a claim to which he had no defence. It would certainly seem that it would be quite as equitable to turn the defendant in execution over to his remedy against the sheriff for a false return, under such circumstances, as to relieve him from the judgment and turn the plaintiff for redress to the sheriff." See, also, on like principle, *Gardner* v. *Jenkins,* 14 Md. 58, and *Harris* v. *Gwin,* 10 Sm. & Mar. 563.

This question did not arise in *Owens* v. *Ranstead,* 22 Ill. 161, cited by counsel for appellee. In that case it was alleged and proved, and the opinion proceeds on the hypothesis, that the defendant, by not being served with process, was cut off and deprived from making a substantial defence. Had an offer been here made by the bill to pay whatever amount might be found to be due on the debt, a different case would have been presented; but since no such offer was made, it is unnecessary to express any opinion in that regard.

During the progress of the proceedings to make Leitch a party to the judgment by *scire facias,* Colson filed a paper, signed by himself, purporting to vacate the judgment, and it is seemingly contended by counsel that this must preclude

him here.  It could amount to nothing, since it was not an order of any court, unless as an equitable estoppel; but it was made wholly without consideration, was adjudged of no effect for the purpose intended, and induced no change of conduct or action of any kind by Leitch, and it could not, therefore, amount to an estoppel.

For the reasons given, the decree below is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM:  A petition for rehearing has been addressed to us, praying that the language of the foregoing opinion be so modified as not to preclude, by implication, the right of appellee to amend his answer and cross-bill so as, upon the further hearing of the case, to enable him to contest the fact of his indebtedness to appellant.  Nothing in the foregoing opinion was intended to imply, nor in our opinion does imply, that appellee would not, upon the further hearing of the case, have the right to amend his cross-bill and answer in this respect, nor that he would have such right.  The language used has reference simply to the case as presented by the record now before us, and has no reference whatever to some other or different case that might be presented by another and different record.  No question of the right to amend, or the effect of any particular amendment, could have been considered or passed upon by us, because no such question is presented by this record.