## James R. Ross, Henry C. Thompson and Henry C. Knode v. A. R. Cox and William Greenwell.

1. INJUNCTIONS—*To Restrain the Collection of Judgments—Application of the Statute.*—Under the statute "only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay," so that if a complainant be unable to establish a defense, in whole or in part, against the claim on which a judgment is founded, the statute forbids an injunction.

**Bill for an Injunction.**—Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed February 25, 1897.

H. S. TANNER and HARBAUGH & WHITAKER, attorneys for appellants.

John R. & Walter Eden, attorneys for appellees.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

Appellees executed two notes, each payable to the appellants as partners under the firm name and style of Jas. R. Ross & Co.

The notes each contained a warrant of attorney authorizing the confession of judgment thereon.

Appellants caused a judgment on the notes to be entered by confession in the Circuit Court of Moultrie County, but on subsequent application of the appellees, it was opened and pleas to the merits filed in defense. Pending a hearing, appellants dismissed the action.

Afterward they caused a second judgment to be entered in Coles county by confession, in virtue of the warrants of attorney, and procured execution to be issued thereon and levies to be made on land belonging to appellees.

This was a bill in chancery to enjoin a sale of the lands levied on and also to restrain the issuance of other executions thereafter, and to vacate the judgment.

Answer and replication were filed and the testimony produced by the respective parties upon the merits of the controversy heard by the court.

The court ruled the entry of the judgment by confession in Moultrie county exhausted all power conferred by the warrants of attorney, and that the judgment afterward entered in virtue of the same warrants, and which the bill sought to enjoin, was for that reason void and should be vacated, and decreed it be vacated and the execution and levy thereof quashed.

Sec. 7, Chap. 69, R. S., entitled Injunctions, provides: " Only so much of any judgment at law shall be enjoined as the complainant shall show himself not equitably bound to pay, and so much as shall be sufficient to cover costs." In Colson v. Leitch, 110 Ill. 504, it was said:

" The right of injunction, it will be borne in mind, is not against the whole judgment because of any error in its

rendition, but only against so much of it (*i. e.* that part of the amount of which) as he shall show himself equitably not bound to pay. In short, the right to enjoin is because that which is claimed to be owed is in equity not owed, and not because of the form it has been made to assume."

In the case at bar the appellees invoked the aid of a court of equity, and therefore the question submitted to the court was whether they were equitably bound to pay the whole or any part of the amount sought to be collected by virtue of the execution and judgment.

Whether the warrants of attorney were legally sufficient to justify the rendition of the judgment was wholly unimportant.

The court should have determined from the testimony whether the appellees were equitably indebted to the appellants in the amount of the whole or any part of the judgment and entered its decree accordingly.

The parties were entitled to the judgment of the chancellor upon the proofs submitted.

We can not substitute our judgment thereon but can only order the decree be reversed and the cause remanded.