## Peter F. Young v. Charles S. Deneen, as State's Attorney.

### Gen. No. 11,990.

1. RECOGNIZANCE—*what discharge of.* Where the principal in a recognizance goes into court and offers to give a new recognizance, and such offer is accepted, and a new recognizance is given, the older recognizance is thereby discharged.

Proceeding to enjoin enforcement of judgments. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed November 14, 1905.

GEORGE G. BELLOWS, for appellant.

HARRY A. LEWIS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellant filed in the Superior Court a bill against Barrett, sheriff, and Deneen, state's attorney of Cook County, to have three judgments recovered against complainant by the People of the State of Illinois in the Criminal Court of Cook County declared void and for an injunction to restrain said defendants from enforcing executions which had been issued upon said judgments.

The court sustained a demurrer of the defendant Deneen to the bill and dismissed the bill for want of equity.

The bill alleged that in January, 1903, three indictments were pending in the Criminal Court of Cook County against one Wickersham; that Wickersham had entered into recognizances, with one Joyce as surety, to appear and answer to said indictments; that Joyce desired to withdraw from said recognizances; that complainant, Joyce, and Wickersham went into said Criminal Court when the same was in session and complainant then entered into three recognizances with Wickersham for the appearance of Wickersham to answer said indictments, one in the sum of $1,500, the other two in $1,000 each; that June 9, 1903, said re-

cognizances were forfeited for the failure of Wickersham to appear and writs of *scire facias* were sued out on said recognizances, returnable to the August term of the court; that said writs, " being delivered to the sheriff of said county for service were returned by the said sheriff as served by reading the same to your orator, and your orator shows, etc., that said *recognizances*, or either of them, were not read to your orator by the sheriff or his deputy, nor did your orator read the same," etc.

The abstract states that the writs of *scire facias*, not the *recognizances*, were not read to complainant, and appellant contends that the context sufficiently shows that the word *recognizances* was used by mistake where the pleader intended to use the words *scire facias*. With this contention we cannot agree. If, however, this contention be conceded, the question remains whether the bill shows that the complainant had a defense to the proceeding by *scire facias* to enforce the recognizances. Colson v. Leitch, 110 Ill. 504; Hier v. Kaufman, 134 ib. 215.

The contention of appellant is that the recognizances into which he and Wickersham entered were void, because Joyce was never discharged from the recognizances given by him and Wickersham was in law in the custody of Joyce when the recognizances to which appellant was a party were entered into.

Section 11, div. 3, chap. 38, R. S., provides that "In all cases of bail for the appearance of any person charged with a criminal offense his sureties or any of them may at any time before default upon bond or recognizances, surrender his principal in their exoneration, or the principal may surrender himself to the proper officer."

" Surrender is made by the delivery of the accused to a person or court having authority to recommit or rebail him." 3 Encyc. Pl. and Prac. 245; State v. Le Cerf, 1 Bailey, S. C. 410.

The act of Wickersham in going into court and offering to enter into new recognizances was an offer to surrender himself and the act of the court in permitting him to en-

ter into new recognizances, with a new surety, was an acceptance of such surrender, and the former recognizances were thereby released and discharged.

Appellant voluntarily entered into the recognizances in question, and his bill avers no facts which, if pleaded and proved in the proceedings by *scire facias* on such recognizances after their forfeiture, would have constituted a defense thereto.

The question of the right of appellant to maintain the bill against the state's attorney and the sheriff alone has not been raised by appellee.

The decree of the Superior Court will be affirmed.

*Affirmed.*