## WILLIAM S. REED

*v.*

## THE NEW YORK NATIONAL EXCHANGE BANK *et al.*

*Opinion filed October 23, 1907.*

1. INJUNCTION—*bill to enjoin collection of judgment must show a meritorious defense.* A court of equity will not interfere to restrain the collection or revival of a judgment, even though the judgment was rendered without service of process, unless a meritorious defense is shown.

2. SAME—*a bill must allege facts showing meritorious defense.* It is not enough that a bill to enjoin the collection of a judgment alleges, generally, that the complainant has a meritorious defense to the cause of action, but the bill must set out facts which, if true, would constitute such meritorious defense.

3. SAME—*when a bill to enjoin collection of judgment is insufficient.* A bill to enjoin the collection of a judgment on a note is not sufficient which alleges that the judgment is void because rendered without notice or service of process on the complainant, since, even if such facts were true, the judgment might have been by confession under a power of attorney contained in the note, waiving notice and service of process.

4. SAME—*damages, on dissolution of injunction, are governed by equitable principles.* Damages which may be awarded on the dissolution of an injunction are governed by equitable principles, and nothing will be allowed which is not the natural and proximate result of the wrong committed.

5. SAME—*damages, on dissolution of injunction against a judgment, must be based on evidence.* Section 8 of the Injunction act governs the matter of damages upon the dissolution of an injunction to restrain the collection of a judgment, but the provision that the court may award as damages an amount not exceeding ten per centum on the part of the judgment released from the injunction does not mean that the court may assess damages arbitrarily, but such assessment must be only for damages actually shown to have been sustained. (*Forth* v. *Town of Xenia,* 54 Ill. 210, explained.)

6. SAME—*when allowance of damages for solicitor's fee is unauthorized.* Upon the dissolution of an injunction against the collection of a judgment the court has no authority to allow as damages a certain sum for defendant's solicitor's fees, where there is

no proof that the defendant has paid, or become liable to pay, any solicitor's fees in connection with such dissolution.

7. APPEALS AND ERRORS—*when an objection that injunction bond was improper is not preserved for review.* An objection that the complainant was required to give an improper and burdensome injunction bond is not preserved for review, where the complainant, instead of refusing to give the bond and suffering a dismissal of the bill for that reason, gives the bond without objection and proceeds to a disposition of the case upon demurrer to the bill.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

The New York National Exchange Bank commenced proceedings in the superior court of Cook county to revive a certain judgment for $1019.29 obtained by it against appellant in the latter part of 1903. It appears that the process against appellant was made returnable to the January term, 1906, and that the same was served prior to December 20, 1905. On December 30, 1905, appellant filed in the superior court of Cook county a bill in chancery seeking to restrain, by injunction, both the collection and revival of said judgment. The bill alleges that the judgment was rendered on the 11th day of November, 1903, upon a supposed promissory note purporting to be signed by W. S. Reed & Co. and payable to the order of the Ansonia Electric Company; that the said judgment was and is null and void and should be so declared by the court, for the reason that in entering said judgment and proceeding to the hearing of the cause leading up to the same the court had no jurisdiction over appellant, and he was not therefore before the court for any purpose, and had never been served with process in said cause and had no legal notice of the proceedings therein; that appellant has, and always had, a good defense to any suit which might be brought on said supposed note on which the judgment complained of was rendered; that said judgment is and was null and void, for the reason that

no cause of action in favor of appellees is stated in the declaration on which judgment was rendered, and no evidence to support a judgment in said cause in favor of appellees and against appellant was or could have been properly introduced under the pleadings in said cause. The bill alleges irreparable injury in case of the enforcement of said judgment, and asks for an injunction restraining the collection of the judgment and further proceedings to revive the same. Appellees demurred to the bill upon the ground that the facts alleged therein would not constitute a good defense to the note upon which the judgment in question had been rendered. The demurrer was sustained by the court. Appellant then asked leave to amend the bill. The essential features of such amendments were, that appellant was precluded from urging a valid defense in said cause by reason of not having been served with process, and having, therefore, no knowledge of the proceedings by which the judgment was obtained; that the judgment was not only irregularly rendered but was also unjust, because there was no consideration for the alleged promissory note, as set forth in the declaration filed by appellees in said cause; that appellant did not at any time, and does not now, owe said judgment or any part thereof, and did not at any time, and does not now, owe the alleged indebtedness, or any part thereof, for which said judgment was rendered; that appellant never knew of said judgment, nor the proceedings in which the same was rendered, until after the year 1899. The court denied the motion to amend and dismissed the bill for want of equity. Leave was given appellees to file suggestion of damages, and upon the filing of the same the court allowed the sum of $100. Appellant prosecuted an appeal to the Appellate Court for the First District, where the judgment of the superior court was affirmed, and by his further appeal the record is brought to this court for review.

CHAS. F. DAVIES, and SOL ROSENBLATT, for appellant.

Adams & Froehlich, for appellees.

Mr. Justice Vickers delivered the opinion of the court:

In this case appellant seeks to restrain the revival and enforcement of a judgment at law against him. He places great reliance upon the allegations in his bill that no process was served upon him in the proceedings resulting in the judgment, and that he had no knowledge of the proceedings or of the judgment until after the expiration of the time allowed for the prosecution of an appeal or writ of error. It is the well settled rule of law in this State that courts of equity will not interfere to prevent the collection of a judgment, even though the judgment was rendered without service of process, unless a meritorious defense be shown. (*Colson* v. *Leitch*, 110 Ill. 504.) It would be useless to set aside a judgment at law unless it is shown that there would be a different result upon another trial at law. (*Colson* v. *Leitch, supra; Telford* v. *Brinkerhoff*, 163 Ill. 439.) It is not sufficient that a judgment is irregular, but it must be unjust before equity will interfere. A showing in the bill for injunction that the judgment in question was obtained without process does not show, nor tend to show, that if process had been served and defense interposed the result of the suit would have been different. In the case at bar appellant alleges in his bill that the judgment complained of was obtained without service of process, and the court, upon demurrer, held, and we think properly, that this was not a sufficient showing of a valid defense to justify the intervention of equity. Everything in this bill might be true and still the judgment might have been by confession under a power of attorney contained in the note, waiving notice and service of process.

Appellant alleges that he has always had a good defense to any action which might be brought on the supposed note, but he fails to allege any of the facts constituting such defense. The mere statement that he has a good defense is

not sufficient to justify a court of equity in entertaining the bill. In suits for injunction the general rule of equity pleading is, that the cause of action should be set forth with such particularity as to enable the chancellor, from an inspection of the bill alone, to grant the relief sought. The pleader must allege the facts entitling him to an injunction with precision and certainty, so as to distinctly inform the opposite party of the nature of the case which he is called upon to meet, and if the bill contains only indefinite allegations a demurrer will be sustained. The bill must set forth facts and not mere conclusions of law, and if conclusions are used they must be supported by allegations of fact. (*Dill* v. *Wabash Valley Railroad Co.* 21 Ill. 90; *O'Kane* v. *Treat,* 25 id. 458; *Taylor* v. *Thompson,* 42 id. 9; *Pacific Hotel Co.* v. *Lieb,* 83 id. 602.) Applying these rules to the case at bar it is apparent that appellant has not stated a case which will justify equitable relief by injunction against a judgment at law. In High on Injunctions (vol. 1, 4th ed. sec. 126,) the rule is stated as follows: "It is not sufficient to bring the case within the rule that the bill should allege, generally, that the complainant has a good defense to the action at law and that it would be inequitable to enforce it, but the facts constituting such defense should be clearly set forth." For a court of equity to entertain a bill and enter upon a hearing of the evidence touching the merits of the case without any previous information in the pleadings as to what the evidence would be, would amount to such court converting itself into a court of appeals in matters at law. To justify the interposition of equity the bill must allege facts which, if true, would warrant the relief prayed for. The bill in the case at bar did not allege facts but set forth conclusions, and was therefore properly held insufficient. The proposed amendments would have made the bill no better under the above rules, and the court did not err in denying appellant leave to file them.

Appellant insists that the court erred in requiring him to give an improper and burdensome injunction bond. This question is not open for review on this appeal. Appellant gave the bond and secured the writ. If he had refused to give the bond and suffered a dismissal of his bill the question could have been raised. But there is nothing in the point raised even if properly presented. The bond required was the statutory bond and contained no condition not warranted by section 8 of chapter 69, Hurd's Revised Statutes of 1905.

It is next insisted that the court erred in awarding $100 damages as solicitor's fees. This being an injunction to stay the collection of a money judgment at law, section 11 of chapter 72 of the Revised Statutes of 1845, now found as section 8 of chapter 69 of Starr & Curtis' Revised Statutes, on page 2144, applies. In said section it is provided that "if the injunction be dissolved in the whole or in part, the complainant shall pay, exclusive of legal interest and costs, such damages as the court shall award, not exceeding ten percentum, on such part as may be released from the injunction." Under this statute it is contended that damages can be allowed, in addition to the interest and costs, of not exceeding ten per cent of the judgment, without any evidence and without regard to the actual damages. Such a construction of this statute does not seem to be warranted by its language or to accord with equitable principles. The statute requires the payment of "such damages as the court shall award, not exceeding ten percentum, on such part as may be released from the injunction." The clause "not exceeding ten percentum" is in the nature of a limitation of the amount of damages that may be awarded, but it does not imply that the damages may be arbitrarily fixed by the court at ten per cent of the judgment released, or any other amount within that limit, without any regard to the actual damages sustained.

Section 12 of the chapter on injunctions, (Hurd's Stat. 1905, p. 1151,) which was enacted in 1861, provides as follows: "In all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same: *Provided,* a failure so to assess damages shall not operate as a bar to an action upon the injunction bond."

The above section is broad enough to apply to cases where an injunction against the collection of a judgment has been dissolved. But it has been held that section 11 of the statute of 1845 is not repealed by the act of 1861, (*Schaffer* v. *Sutton,* 49 Ill. 506,) and that the assessment of damages is still properly made under the statute of 1845 in cases to which it applies. It has been uniformly held under the statute of 1861 that damages awarded must be purely compensatory and based on a suggestion filed and supported by evidence. In *Smith* v. *Powell,* 50 Ill. 21, there is a remark made by Mr. Justice Breese, which, taken in connection with the facts of that case, might be construed as a holding that damages might be assessed under the act of 1845 without regard to the pleading or evidence, and in *Forth* v. *Town of Xenia,* 54 Ill. 210, there is a *dictum* by the same learned justice which might be construed in the same way, but we do not regard the remarks as an adjudication by this court which binds us under the rule of *stare decisis.* What was doubtless meant by the remarks was, that no evidence was needed to enable the court to ascertain the damages based upon calculation. In fact, in the case of *Forth* v. *Town of Xenia, supra,* this was clearly what

the writer of the opinion meant, since he gives as a reason why evidence was not necessary, the fact that the amount of the judgment was apparent from the papers. Damages awarded on the dissolution of an injunction are governed by equitable principles, and nothing will be allowed which is not the natural and proximate result of the wrong committed. (2 High on Injunctions, sec. 1663, and cases there cited.) If the court may allow ten per cent damages without any evidence, it follows that damages may be awarded which, in fact, have not been sustained. This would be nothing less than the imposition of a penalty on a party who unsuccessfully attacked a judgment by a bill in equity. The enforcement of penalties and forfeitures is not favored in law, and they are never enforced in a court of equity. (2 Story's Eq. Jur. sec. 1319; *Queenan* v. *Palmer,* 117 Ill. 619; *Woolverton* v. *Taylor,* 132 id. 197.) Compensation is the rule of law courts for wrongs committed, and is never willingly departed from, and it would be monstrous to hold that a court of equity would lend itself to the enforcement of a thing so abhorrent as taking the money of one party and transferring it to the other when in good conscience it ought not to be done. The allowance of $100 damages as attorney's fees in this case is wholly unsupported. There is no evidence here whatever that appellees had paid, or become liable to pay, any attorney's fees in and about the dissolution of the injunction. If no damage has been sustained none ought to be awarded, and this can only be determined from evidence.

That part of the decree below awarding appellees $100 damages is reversed and the cause remanded to the superior court of Cook county for a rehearing upon the assessment of damages. In all other respects the decree is affirmed.

*Reversed in part and remanded.*