## William C. Van Gilder, Appellee, v. E. F. Ringer, Appellant.

## Gen. No. 17,662.

1. INJUNCTIONS—*what essential to, restraining collection of judgment.* A preliminary injunction should not be granted to restrain the collection of a judgment unless the bill sets up such facts, not conclusions, as show a ground for equitable relief.

2. INJUNCTIONS—*when do not lie to restrain collection of judgment.* Courts of equity will not disturb a judgment of a court of law because some accident or some misfortune or a mistake as to the proper practice has prevented a party from taking an appeal and securing a review of the judgment; nor can a court of equity sit as a court for the correction of errors committed at law.

Bill for injunction. Appeal from the Circuit Court of Cook county: the HON. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed. Opinion filed October 3, 1911. Rehearing denied October 17, 1911.

WHITE, MABIE and CONKEY, for appellant.

CHARLES C. SPENCER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The Circuit Court on the face of the bill in this cause ordered that the defendant Ringer be restrained from issuing an execution upon the judgment described in the bill which Ringer had recovered in the Municipal Court of Chicago against Van Gilder, complainant, or from attempting to enforce or collect the judgment until the further order of court. From this order this appeal is prosecuted.

The bill sets forth the recovery of the judgment, the

general nature of the claim on which it was based, and that on the trial of the action divers errors intervened injurious to the complainant, and that the judgment is erroneous for twelve reasons; namely, that it is against the weight of the evidence, contrary to the law and the evidence, the failure of the court to direct a verdict, the admission of improper evidence, and exclusion of proper evidence, giving improper instructions and refusing proper instructions, excessive damages, and in overruling motions for new trial and in arrest. These grounds are stated generally in the language ordinarily used in a motion for new trial without attempting to state any particular facts.

The bill then shows that an appeal was allowed to this court and perfected, but that the bill of exceptions filed in the cause was by order of this court stricken from the transcript of record, and the judgment was affirmed, and that the Supreme Court refused to grant a writ of *certiorari*.

The bill prays leave to refer to the draft of the bill of exceptions and avers that it contained among other things a stenographic report of all the evidence offered and received in the cause, and of all the rulings of court during the trial, and of all motions made in the cause and makes the draft of the bill of exceptions a part of the bill of complaint. No copy thereof, however, was attached to the bill of complaint or incorporated therein, and consequently it does not appear in the record before us.

The only question presented by the record is, does the bill state a cause entitling the complainant to the injunction ordered? The injunction having been ordered on the face of the bill, the cause stands as if appellant had demurred to the bill. It follows that whatever is well pleaded in the bill must be considered as true. Thus viewed the bill shows no ground for equitable relief against the judgment. The bill does not allege facts which show that the judgment is un-

just and inequitable. It alleges the conclusions of the pleader only. These conclusions are not admitted on the record by appellant, and cannot be taken as true. Martin v. McCall, 247 Ill. 484. No facts showing an equitable ground for relief are alleged, and courts of equity will not disturb a judgment of a court of law because some accident or some misfortune or a mistake as to the proper practice, has prevented a party from taking an appeal and securing a review of the judgment (Excelsior Electric Co. v. Chicago Waifs Mission, 41 Ill. App. 111); nor can a court of equity sit as a court for the correction of errors committed at law. Chicago Waifs Mission v. Excelsior El. Co., 44 Ill. App. 425; Gibbons v. Bressler, 61 Ill. 110, 114. The bill does not show facts constituting a meritorious defense to the action, and equity will not interfere to prevent the collection of a judgment unless such facts are shown. Reed v. New York Exchange Bank, 230 Ill. 50.

The order for injunction is erroneous and is reversed.

*Reversed.*