# A. W. Curran, Appellant, v. Emma C. Good, Appellee.

## Gen. No. 21,865.

1. JUDGMENT, § 347*—*what degree of proof is required in bill to enjoin collection of judgment.* Where a bill is filed to enjoin the collection of a judgment and award a new trial on the ground of want of service of process and the lack of service does not appear on the face of the record, the evidence to sustain such want of service must be clear and satisfactory.

2. JUDGMENT, § 336*—*when equity will not interfere to prevent enforcement of.* A court of equity will not interfere to prevent the collection of a judgment even though it was rendered without service of process unless a meritorious defense is shown.

3. JUDGMENT, § 347*—*when burden of proof is on party seeking to enjoin collection of.* In a suit to enjoin the collection of a judgment for lack of service of process, the complainant has the burden of proving such lack of service and also of showing a meritorious defense.

4. JUDGMENT, § 347*—*when evidence is sufficient to sustain finding that complainant had not established lack of service of process.* The finding of the trial court that the complainant had not established the lack of service of process upon him in an action at law in which judgment was entered against him, or shown he had a meritorious defense in such action, or that a different result would be had if a new trial were awarded, or that such judgment was shown by a preponderance of the evidence to be excessive, *held* not manifestly against the weight of the evidence, in a suit to enjoin the collection of such judgment on the ground of lack of service of process in such action.

5. JUDGMENT, § 347*—*when evidence of parties is admissible upon merits of defense to action in which judgment was rendered.* In a suit to enjoin the collection of a judgment and award a new trial on the ground of lack of service of process, evidence of both parties would be admissible upon the merits of complainant's defense to the action in which such judgment was rendered.

6. APPEAL AND ERROR, § 450*—*when contention as to admissibility of evidence may not be made.* A contention as to the admissibility of evidence not made in the trial court cannot be made for the first time on review.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 8, 1917.

FOSTER, PAINE, REYNOLDS & SASS, for appellant.

A. H. RANES, for appellee; HARRY F. BREWER, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Cook county dismissing a bill for want of equity. A. W. Curran filed a bill against Emma C. Good, which sought to enjoin the collection of a judgment recovered against him, and to have a new trial awarded.

It appears from the evidence that on December 4, 1912, the defendant brought an action against the complainant to recover damages for personal injuries; that complainant was defaulted and judgment entered against him for $1,700. Complainant moved the court to set aside the judgment, but the motion was denied, and thereupon this bill was filed. After issue joined, the cause was heard before the chancellor, and a decree entered dismissing the bill for want of equity.

The bill sought to set aside the judgment on the ground that no service of process was had on the complainant in the action for personal injuries. Where a bill is filed to enjoin the collection of a judgment and award a new trial on the ground of want of service of process and the lack of service does not appear on the face of the record, the evidence to sustain such want of service must be clear and satisfactory. *Davis v. Dresback*, 81 Ill. 393; *Kochman v. O'Neill*, 202 Ill. 110. And the law is equally well settled in this State that courts of equity will not interfere to prevent the collection of a judgment, even though it was rendered

without service or process, unless a meritorious defense be shown. *Colson v. Leitch,* 110 Ill. 504; *Reed v. New York Nat. Exch. Bank,* 230 Ill. 50. And the burden of proof on each of these propositions is upon the complainant. The law as above stated is not disputed, but the complainant contends that he has met the requirements of the law in this regard; that he has shown by clear and satisfactory evidence that the return of the sheriff showing service was untrue, and that he had a meritorious defense.

The chancellor saw and heard the witnesses in open court and found that the complainant had not established by clear and satisfactory evidence that he had not been served with process in the action at law, and also that he had not shown a meritorious defense, or that there would be a different result if a new trial were awarded, and that he had not shown by a preponderance of the evidence that the judgment in the action at law was excessive. It would serve no useful purpose to set forth an analysis of the evidence, but after a careful consideration of all the evidence in the record, we cannot say that the finding of the chancellor is manifestly against the weight of the evidence.

Counsel for complainant place great reliance on the case of *Kochman v. O'Neill, supra.* The testimony in that case was substantially the same as in the case at bar, and the court sustained a decree enjoining the collection of a judgment. The principal point of difference between the two cases, however, is that the chancellor, who saw and heard the witnesses, found that the complainant there proved by clear and satisfactory evidence that no service was had in the action at law, while in the case at bar the chancellor found to the contrary.

Complainant further contends that it was error to permit the defendant to introduce evidence tending to

disprove that the complainant had a meritorious defense to the action at law, the argument being that the complainant in such case is only required to show a prima facie defense on the merits; that the proceeding is similar to a motion to set aside a default judgment where counter-affidavits are not permissible on the question as to whether there is a meritorious defense. We think that the rule is not as contended for. In *Colson v. Leitch* and *Reed v. New York Nat. Exch. Bank, supra,* it was clearly held that even where there was no service of process in an action al law, the judgment would not be set aside in a suit in equity, unless it was shown that there would be a different result in 'the action at law upon another trial. This of course could not be determined without hearing evidence on behalf of both parties. This contention of complainant, however, is not properly before us, because no such point was urged or intimated in the trial court, and it is elementary that it cannot be raised for the first time in a court of review.

Finding no substantial error in the decree of the Circuit Court of Cook county, it will be affirmed.

*Affirmed.*