## Adams & Pigott Company, Appellant, v. Harry I. Allen et al., Appellees.

### Gen. No. 27,725.

1. JUSTICES OF THE PEACE—*jurisdiction of justice of Cook county over corporation defendant resident in Chicago.* A justice of the peace of Cook county outside of the city of Chicago acquires jurisdiction of a corporation resident within the city of Chicago by service of summons properly made upon an agent of the corporation outside the limits of the city but within the county of Cook, notwithstanding the provisions of the Municipal Court Act, secs. 292, 323, Cahill's Rev. St. ch. 37, ¶¶ 417, 454, and of the constitution, art. 4, sec. 34, adopted December 5, 1904, limiting the jurisdiction of the justices in Cook county outside the city of Chicago to that territory after the creation of municipal courts.

2. PROCESS—*sufficiency of return of service of summons.* A return of service of summons in an action against a corporation resident in the city of Chicago, suit being brought in the justices' court in Cook county outside the city, is defective where the service purported to have been made upon an agent of the corporation but did not state that the president or other specified officers and agents of the corporation could not be found in the county in which the action was brought.

3. INJUNCTIONS—*pleading meritorious defense as condition precedent to enjoining a judgment in law.* In a suit to enjoin enforcement of a judgment by execution, the bill is insufficient where it is alleged that the judgment against complainant is one for damages for negligence of complainant in cleaning rugs and that complainant used all due and reasonable care and redelivered the rugs in first-class condition, such allegations being mere conclusions, and there is no allegation of any facts showing that complainant has a meritorious defense.

Appeal by complainant from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in this court at the March term, 1922. Affirmed. Opinion filed February 19, 1923.

A. G. ROSENBAUM, for appellant; WILLIAM LEVINE, of counsel.

KNAPP & CAMPBELL, for appellees; JOHN R. COCHRAN, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the complainant from an order entered dissolving a temporary injunction which had been issued, dismissing its suit for want of equity, and assessing damages against it in the sum of $22.50.

The bill of complaint was filed December 17, 1921, and prayed an injunction against the enforcement of a judgment entered July 12, 1921, in favor of defendant and against the complainant. The bill alleges that this judgment was entered by a justice of the peace of Cook County, Illinois. It sets up that appellant is a corporation organized and existing under and by virtue of the laws of the State of Illinois, and having its principal place of business at 3141 South Wabash avenue in the City of Chicago, County of Cook and State of Illinois; that its president, vice president, secretary and treasurer are all residents of said city, county and State and maintain their office at its said place of business; that it does not now and never has maintained any office or place of business outside the City of Chicago, except a branch office in the City of Evanston, Cook County, Illinois, which is maintained for the purpose of receiving telephone calls and for the collection and delivery of articles left with it for the purpose of cleaning; that this Evanston office is in charge of one George Van Epps, whose sole and only duty and authority is to receive articles for cleaning and dyeing and to deliver the same to its customers; that all of said articles so received are sent to complainant's place of business in Chicago; that the wife of said Van Epps was employed in said office for the purpose of receiving telephone calls and answering inquiries relative to cleaning and dyeing; that on June 14, 1921, a summons was served on the wife of said Van Epps, which summons commanded the complainant appellant to appear before a justice of the peace in the City of Evanston to answer the demand

of defendant in the sum of $225 on June 17, 1921, at 4 o'clock p. m.; that Mrs. Van Epps had never been an agent of appellant upon whom service of summons could be made under the provisions of the statute; that appellant being a corporation having its principal office and place of business in the City of Chicago, County of Cook and State of Illinois, was not amenable or answerable to process issued by said justice of the peace; that therefore appellant disregarded the summons and did not appear or answer; that said justice of the peace was without jurisdiction to enter any judgment, and appellant notified the justice of the peace that it would not appear, but nevertheless the judgment was entered and an execution was issued, which was about to be levied upon complainant's property.

The temporary injunction was issued on December 19, 1921.

January 26, 1922, complainant filed an amended bill identical with the original except that it sets up in full the return made by the constable, who served the summons by leaving it with Mrs. Van Epps, and also alleges "that it is not in any way liable upon the alleged claim of the defendant upon which said supposed judgment was rendered; that the defendant claims that said judgment is based upon negligence of your orator in cleaning certain rugs, but your orator shows unto your Honors that in the cleaning of the said rugs in question, it used all due and reasonable and ordinary care and redelivered said rugs to the defendant in first class shape and condition, and that the defendant failed and refused to pay the amount of the cleaning bill of your orator and is now indebted upon said account to your orator in the sum of twenty ($20) dollars for work and labor done in and about the cleaning of said rugs; that your orator is entirely willing that the issues upon said claim should be submitted to this Honorable Court and that a trial may be had

upon the merits of said claim, and your orator offers to pay any judgment or decree that may be entered against it on account of the premises alleged.''

The motion to dissolve the injunction was made upon the face of the bill and therefore amounted to a demurrer to it, and the allegations therein contained, which are well pleaded, must be taken as true.

Appellant contends that by virtue of the provisions of section 34 of article 4 of the State Constitution, adopted on December 5, 1904, and the provisions of sections 292 and 323 of the Municipal Court Act, ch. 37, Hurd's Rev. St. [Cahill's Ill. St. ch. 37 ¶¶ 417, 454] a justice of the peace for Cook county has absolutely no jurisdiction over a defendant corporation which has its principal place of business in the City of Chicago. Said article 4 of the Constitution in substance provides that in case the general assembly shall create municipal courts in the City of Chicago, it may abolish the offices of justices of the peace, police magistrates and constables in and for the territory within said city, and may limit the jurisdiction of justices of the peace, in the territory of said county of Cook outside of said city to that territory. Section 323 of the Municipal Court Act [Cahill's Ill. St. ch. 37, ¶ 454] provides that such offices are abolished within the territory of the City of Chicago, and ''that the jurisdiction of justices of the peace in the territory of the County of Cook outside of the City of Chicago be and it is hereby limited to the territory of said county outside of said city.  *  *  *.'' Section 292 of the same chapter [Cahill's Ill. St. ch. 37, ¶ 417] provides that cases of the fourth class shall be brought and prosecuted in the district in which the defendant, if there be but one defendant, or one of the defendants, if there be more than one defendant, resides or is found, or, if the defendant be a corporation having its principal office in the City of Chicago, in the district in which its principal office is located.

Appellant relies on the case of the *National Biscuit Co. v. Consolidated Agencies Co.*, 153 Ill. App. 214. In that case a justice of the peace of Cook county, outside the limits of the city, issued a summons which was served on a corporation within the city. It was held that the service of such a summons conferred no jurisdiction. That case, however, is clearly distinguishable from this one in that here an alleged agent of the defendant corporation engaged in its business was found and served within the county of Cook and outside the limits of the city.

We do not find anything in the language either of the constitution or the statute from which it may justifiably be inferred that a corporation properly served under such circumstances would not become subject to the jurisdiction of the court which issued the summons.

It is further the contention of appellant, however, that the return on the summons was insufficient to confer jurisdiction. Section 23, ch. 79, Hurd's Rev. St. [Cahill's Ill. St. ch. 79, ¶ 23] provides the manner in which corporations may be properly served in cases brought before a justice of the peace. It provides: "An incorporated company may be served by leaving a copy of the summons with its president, secretary, superintendent, general agent, cashier or principal clerk, if either can be found in the county in which the action is brought; if neither shall be found in the county, then by leaving a copy of the summons with any director, clerk, engineer, conductor station agent, or any agent of such company found in the county."

In this case the return of the constable, which purported to be served upon the agent of the corporation, did not state that the president, secretary, superintendent, general agent, cashier or principal clerk of the defendant corporation could not be found in the county in which the action was brought, and in this respect we are inclined to think that the service was defective. *St. Louis, V. & T. H. R. Co. v. Dawson*, 3

Ill. App. 118; *Cairo & V. R. Co. v. Joiner,* 72 Ill. 520. But this is not the controlling question in the case as we view it. While in other jurisdictions, as appellant cites cases to show, the rule may be otherwise, in this State a judgment at law will not be enjoined by a court of equity unless it is made to appear that the complaining judgment debtor has a good defense on the merits to the action in which he was sued. This showing must be made, not by pleading conclusions either of fact or law, but by the statement of facts from which such meritorious defense is clearly made to appear. *Reed v. New York Nat. Exch. Bank,* 230 Ill. 50; *Martin v. McCall,* 247 Ill. 484; *Curran v. Good,* 204 Ill. App. 236.

The allegations of the bill here are in this respect insufficient. As the defendant points out, the suit, for aught alleged, may have been brought for breach of contract, in which case the negligence or care of complainant would have been wholly immaterial; or, assuming that the suit was based on negligence, the allegations of the bill as to the meritorious defense are set forth as mere conclusions of fact and law, which are insufficient.

The decree will therefore be affirmed.

*Affirmed.*

McSURELY, P. J., and DEVER, J., concur.