## Lloyd Lang, Appellee, v. W. F. Smith et al., Appellants.

1. APPEAL AND ERROR—*necessity for brief.* The Appellate Court may reverse cause pro forma where appellee has filed no brief.

2. EQUITY—*adequate remedy at law.* If a party has an adequate remedy at law, equity will not take jurisdiction.

3. INJUNCTIONS—*restraint of execution.* Injunction will not issue to restrain collection of a judgment and sale of property under execution, even where there has been no proper service of process, unless the judgment debtor shows that he has a good and valid defense to the claim of the judgment creditor.

Appeal by defendants from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1925. Reversed and remanded. Opinion filed August 5, 1925.

A. R. JOHNSON, for appellants.

E. L. MAHER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

On December 26, 1924, appellee filed a bill in the circuit court of Madison county against appellants, setting forth that on September 4th, 1924, appellee was summoned to appear before appellant Andrews, a justice of the peace of said county, on September 10 at 9 o'clock a. m.; that he, appellee, appeared at the hour and place named, and remained until 10:30; that appellant Smith, the plaintiff in said cause, failed to appear up to said hour of 10:30 a. m., and no one appeared for him, and that, no action being taken by said court up to said hour of 10:30, appellee departed "believing and knowing that said cause was discontinued and of no avail upon said summons"; that thereafter an execution in the hands of appellant Fisher, issued from said justice court, was levied on an automobile belonging to appellee, of the value of $500. Said bill further charges that said justice of the peace was without jurisdiction to enter a judgment against ap-

pellee, and that said judgment was null and void; that appellant Fisher, constable as aforesaid, was threatening to and would sell said automobile unless restrained by injunction, and prays that said levy be restrained and that said judgment be held null and void.

A temporary injunction was issued, restraining the collection of said judgment and the sale of said automobile, as prayed. Thereupon a motion was made by appellants for a dissolution of said temporary injunction, for the reason that no ground for equitable relief was disclosed by said bill. Upon hearing, said motion was denied.

No brief was filed on behalf of appellee, and we would be warranted in reversing said cause pro forma, but have deemed it best to consider the case on the merits.

It is first contended by appellants, for a reversal of said order or decree, that inasmuch as six months had not expired at the time appellee learned of the rendition of the judgment in question by appellant, justice of the peace, appellee's remedy, if any, was by certiorari proceedings. The law clearly is that if a party has an adequate remedy at law, equity will not take jurisdiction. There is, however, some question as to whether or not the Act of April 1, 1872, which provided for certiorari proceedings in the circuit court to reverse judgments rendered by justices of the peace, where twenty days had expired and within six months from the rendition of such judgment, has been repealed by implication. In our view of the case, it is not necessary for us to pass on this contention.

The main ground relied on by appellants for a reversal of said order or decree is that said bill of complaint nowhere alleges that appellee has a good and valid defense to the claim of appellant Smith, and that without such allegation his bill is wholly inadequate to warrant the relief prayed. We are of the opinion and hold that this contention is well taken.

It has been repeatedly held by the Supreme and Appellate Courts of this State that a court of equity will not enjoin a judgment at law unless it clearly appears from the allegations of the bill that the complainant therein has a meritorious defense; in other words, that if a trial on the merits be had, a different result would be obtained from that already adjudged. *Colson v. Leitch*, 110 Ill. 504-508; *Telford v. Brinkerhoff*, 163 Ill. 439; *Reed v. New York Nat. Exchange Bank*, 230 Ill. 50-53; *Cadillac Automobile Co. v. Boynton*, 240 Ill. 171-172; *Van Gilder v. Ringer*, 163 Ill. App. 105; *Curran v. Good*, 204 Ill. App. 236; *Adams & Pigott Co. v. Allen*, 228 Ill. App. 230-235.

In *Reed v. New York Nat. Exchange Bank supra,* the court at page 53 in discussing this question says: "It is the well-settled rule of law in this State that courts of equity will not interfere to prevent the collection of a judgment, even though the judgment was rendered without service of process, unless a meritorious defense be shown. (*Colson v. Leitch,* 110 Ill. 504.) It would be useless to set aside a judgment at law unless it is shown that there would be a different result upon another trial. (*Colson v. Leitch, supra; Telford v. Brinkerhoff,* 163 Ill. 439.) It is not sufficient that a judgment is illegal, but it must be unjust before equity will interfere. A showing in the bill for injunction that the judgment in question was obtained without process does not show, nor tend to show, that, if process had been served and a defense interposed, the result of the suit would have been different."

The bill in this case is so manifestly insufficient, in that it wholly fails to allege even inferentially that appellee has a defense on the merits to the claim of appellant Smith, sued on before said justice of the peace, that under the foregoing authorities it is not necessary to further discuss the same. Inasmuch as the only relief prayed for in said bill is for injunction,

the decree of the circuit court will be reversed and the cause will be remanded, with directions to dissolve said temporary injunction and to dismiss said bill for want of equity.

*Reversed and remanded, with directions.*